1  PAUL A. HILDING, ESQ.
   State Bar No. 110656
2  JAMES H. PYLE, ESQ.
   State Bar No. 224121
3  HILDING LAW FIRM
   501 W. Broadway, Suite 1760
4  San Diego, California 92101
   Tel:   (619) 233-4200
5  Fax:   (619) 233-4211

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 BOB HALLAM and LINDA HALLAM,    Case No. '12CV2442 CAB BLM

11        Plaintiffs,               COMPLAINT FOR:

12 v.                               1.  BREACH OF CONTRACT

13                                  2.  BREACH OF THE IMPLIED
   GEMINI INSURANCE COMPANY, a         COVENANT OF GOOD FAITH AND
14 Delaware corporation,               FAIR DEALING

15        Defendants.                    (GENERAL CIVIL CASE)

16                                  DEMAND FOR JURY TRIAL
                                    [SD CA Rule 38.1]
17

18       Plaintiffs BOB HALLAM and LINDA HALLAM (the "Hallams") in their complaint

19 against GEMINI INSURANCE COMPANY ("Gemini") allege as follows:

20                              **NATURE OF ACTION**

21       1.    The Hallams are judgment creditors of Terry V. Johnson, Maria B. Johnson, and

22 Haddenn Construction and its related entities (collectively, "Haddenn"), and assignees of

23 Haddenn's rights and claims against Gemini relating to its denial of coverage for the lawsuit

24 captioned *Hallam v. Haddenn Construction, et al.,* San Diego County Superior Court case no.

25 37-2007-000666841-CU-CD-CTL (the "underlying action").

26       2.    The Hallams bring this action pursuant to Insurance Code section 11580 and as

27 assignees of Haddenn's rights against Gemini.

28

**COMPLAINT**

**PARTIES**

3. At all times relevant hereto, the Hallams were residents of the County of San Diego, State of California.

4. Plaintiffs are informed and believe and thereon allege that Gemini is an insurance company incorporated under the laws of the State of Delaware, with its principal place of business located in Greenwich, Connecticut, and doing business in the County of San Diego, State of California.

**JURISDICTION AND VENUE**

5. Plaintiffs allege on information and belief that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs further allege on information and belief that there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Plaintiffs allege on information and belief that this Court has personal jurisdiction over Defendant inasmuch as Defendant, at all times relevant, repeatedly transacted insurance business in the State of California and within the geographical jurisdiction of the United States District Court for the Southern District of California.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) because, on information and belief, Defendant resides in this District and in the State of California.

8. In the alternative, upon information and belief venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claims at issue in this action, including the issuance of the relevant insurance policies, the underlying action giving rise to Defendant's duties was litigated within this in this District, and Defendant's breach of its duties occurred in this District.

9. In the alternative, venue is proper pursuant to 28 U.S.C. § 1391(a)(3) because, on information and belief, Defendant is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

**A.     The Gemini Policies**

10.     Upon information and belief, Gemini issued to Fred Gonzales Concrete, Inc. ("Gonzales") a Commercial General Liability insurance policy, policy no. VCGP008833, for the May 11, 2004 to May 11, 2005 policy period (the "04/05 Gonzales policy").

11.     Upon information and belief, a true and correct copy of the 04/05 Gonzales policy is attached hereto as **Exhibit 1**.

12.     Upon information and belief, Gemini issued to Gonzales a Commercial General Liability insurance policy, policy no. VCGP008843, for the May 11, 2005 to May 11, 2006 policy period (the "05/06 Gonzales policy," or collectively with the 04/05 Gonzales policy, collectively the "Gonzales policies").

13.     Upon information and belief, a true and correct copy of the 05/06 Gonzales Policy is attached hereto as **Exhibit 2**.

14.     Upon information and belief, Gemini issued to Terry Mersy Roofing ("Mersy") a Commercial General Liability insurance policy, policy no. VCGP010100, for the December 20, 2004 to December 20, 2005 policy period (the "04/05 Mersy policy".)

15.     Upon information and belief, a true and correct copy of the 04/05 Mersy policy is attached hereto as **Exhibit 3**.

16.     Upon information and belief, Gemini issued to Mersy a Commercial General Liability insurance policy, policy no. VCGP011937, for the December 20, 2004 to December 20, 2005 policy period (the "05/06 Mersy policy," collectively with the 04/05 Mersy policy, the "Mersy policies."  The Mersy and Gonzales policies collectively are referred to as the "Gemini policies").

17.     Upon information and belief, a true and correct copy of the 05/06 Mersy policy is attached hereto as **Exhibit 4**.

18.     Upon information and belief, the Gemini policies contain a "Blanket Additional Insured Endorsement," which states in part that:

> Who is An Insured is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.

19. Upon information and belief, the contract between Haddenn and Gonzales required that Haddenn be added as an additional insured under the insurance coverage issued to Gonzales.

20. Upon information and belief, a true and correct copy of the contract between Haddenn and Gonzales is attached hereto as **Exhibit 5**.

21. Upon information and belief, Haddenn and Mersy entered into an agreement that Haddenn be added as an additional insured under the insurance coverage issued to Mersy.

22. Upon information and belief, a true and correct copy of the Acord certificate of insurance naming Haddenn as an insured under the 04/05 Mersy policy is attached hereto as **Exhibit 6**.

23. Upon information and belief, the Gemini policies' insuring agreements provide for the duty to defend as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages.

24. Upon information and belief, the Gemini policies define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from these at any time."

25. Upon information and belief, the Gemini policies define "property damage" to mean:

    a. Physical injury to tangible property, including all resulting loss of use to that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**B. The Underlying Action**

26. The Hallams contracted with Haddenn to construct their house.

27. Upon information and belief, Haddenn subcontracted with others, including Gonzales and Mersy, to perform work on the Hallams' house.

28. Numerous problems arose in the course of construction of the Hallams' house.

29. On May 15, 2007, the Hallams filed a lawsuit against Haddenn, and Haddenn's subcontractors, including Gonzales and Mersy, in San Diego County Superior Court.

30. A true and correct copy of the complaint filed in that underlying lawsuit ("the Hallams' complaint") is attached hereto as **Exhibit 7**.

31. The Hallams' complaint asserted numerous causes of action, including for strict liability and for negligence.

32. The Hallams' complaint alleged in paragraph 46 in support of their negligence claims that "Defendants, and each of them . . . owed Plaintiffs a duty to exercise reasonable care . . . in performing all acts associated . . ." with their construction work.

33. The Hallams' complaint alleged in paragraph 47 "that Defendants, and each of them, in breach of said duty, negligently, carelessly, wrongfully and recklessly failed to exercise reasonable care in each of those areas, thereby breaching the duty owed to Plaintiffs."

34. The Hallams' complaint, at paragraph 49, alleged the following:

> As a proximate and legal result of the acts and omissions of the Defendants, and each of them, and the said Defendants' defective design, construction and manufacture of the subject property, components, surroundings and improvements, Plaintiffs have been and will continue to be caused resulting damage in that Plaintiffs will incur the costs of repairing the subject property, attorneys' fees, costs of suit, costs of expert investigation in order to determine requisite repairs, alternate living and storage expenses during the repair process, loss of use and enjoyment of portions of the property due to its condition, damage to personal property and effects, severe financial, emotional and physical injury and distress over and resulting from the unsafe conditions at this property. The interests of Plaintiffs in said subject property and associated improvements have thereby been and will be rendered valueless and/or substantially reduced in value, stigmatized in value even when repaired, and/or dangerous to the physical and mental well-being of the Plaintiffs, their tenants, guests and members of the general public, all to the general detriment and damage of Plaintiffs, as more fully alleged elsewhere in this Complaint, in amounts to be proven at time of trial, not fully known at present but believed by Plaintiffs to be in excess of $3,500,000, and above this court's jurisdictional minimum.

1   35.   Haddenn, Mersy and Gonzales were included among the defendants against whom the negligence count in the Hallams' complaint was asserted.

36.   Haddenn qualified as an additional insured under one or more of the Gemini policies with regard to the allegations in the Hallam Complaint.

37.   The allegations of negligence in the Hallams' complaint satisfied the requirement of an "occurrence" within the meaning of one or more of the Gemini policies.

38.   The negligence count in the Hallams' complaint asserted a claim for "property damage" within the meaning of one or more of the Gemini policies issued to Mersy.

39.   The negligence count in the Hallams' complaint asserted a claim for "bodily injury" within the meaning of one or more of the Gemini policies issued to Gonzales.

**C.   Haddenn's Tender of Defense and Gemini's Denial of Coverage**

40.   Upon information and belief, on or about July 9, 2007, Haddenn's then-counsel, George Rikos of Coast Law Group, tendered Haddenn's defense to Gemini, using separate letters to tender Haddenn's defense under the policies Gemini issued to both Gonzales and Mersy.

41.   Upon information and belief, a true and correct copy of Rikos' July 9, 2007 letter tendering Haddenn's defense under the Gonzales policies is attached hereto as **Exhibit 8**.

42.   Upon information and belief, Gemini received Rikos' July 9, 2007 letter, Exhibit 8, in July, 2007.

43.   Upon information and belief, a true and correct copy of Rikos' July 9, 2007 letter tendering Haddenn's defense under the Mersy policies is attached hereto as **Exhibit 9**.

44.   Upon information and belief, Gemini received Rikos' July 9, 2007 letter, Exhibit 9, in July, 2007.

45.   Upon information and belief, each of Rikos' July 9, 2007 letters enclosed an Acord certificate of insurance relating to one or more Gemini policies.

46.   Upon information and belief, Gemini received the Acord certificates of insurance enclosed with Rikos' July 9, 2007 letters in July, 2007.

47.   Upon information and belief, with regard to the tender under the Gonzales policies, Gemini assigned the claim to Vela Insurance Services, Inc. ("Vela"), which

1  acknowledged the claim on behalf of Gemini by email to Rikos dated July 25, 2007.

2  48. Upon information and belief, Gemini authorized Vela to handle Haddenn's
3  insurance claims under the Gemini policies on Gemini's behalf.

4  49. Upon information and belief, a true and correct copy of the July 25, 2007 email
5  from Vela is attached hereto as **Exhibit 10**.

6  50. Upon information and belief, neither Gemini nor Vela timely responded to the
7  tender of Haddenn's defense under the Mersy policies.

8  51. Upon information and belief, on or about September 12, 2007, Rikos followed up
9  on the tender of defense under the Gemini policies using separate letters for the tenders under the
10 Gonzales and Mersy policies.

11 52. Upon information and belief, a true and correct copy of Rikos' September 12,
12 2007 letter regarding the Gonzales policies is attached hereto as **Exhibit 11**.

13 53. Upon information and belief, in September, 2007 Gemini received a copy of
14 Rikos' September 12, 2007 letter regarding the Gonzales policies.

15 54. Upon information and belief, a true and correct copy of Rikos' September 12,
16 2007 letter regarding the Mersy policies is attached hereto as **Exhibit 12**.

17 55. Upon information and belief, in September, 2007 Gemini received a copy of
18 Rikos' September 12, 2007 letter regarding the Mersy policies.

19 56. Upon information and belief, Gemini did not respond to Rikos' September 12,
20 2007 letters.

21 57. Upon information and belief, by letters dated October 26, 2007, Bart
22 Blechschmidt, Haddenn's counsel at the time, followed up on the tender of defense under the
23 Gemini policies using separate letters for the tenders under the Gonzales and Mersy policies.

24 58. Upon information and belief, a true and correct copy of Blechschmidt's October
25 26, 2007 letter regarding the Gonzales policies is attached hereto as **Exhibit 13**.

26 59. Upon information and belief, Gemini received a copy of Blechschmidt's
27 October 26, 2007 letter regarding the Gonzales policies in or about October, 2007.

28 60. Upon information and belief, a true and correct copy of Blechschmidt's

7
**COMPLAINT**

1   October 26, 2007 letter regarding the Mersy policies is attached hereto as **Exhibit 14**.

2     61. Upon information and belief, Gemini received a copy of Blechschmidt's

3   October 26, 2007 letter regarding the Mersy policies in in or about October, 2007.

4     62. Upon information and belief, Vela responded on behalf of Gemini to

5   Blechschmidt's October 26, 2007 letter relating to the tender under the Gonzales policies by

6   letter dated October 30, 2007.

7     63. Upon information and belief, a true and correct copy of Vela's October 30, 2007

8   letter is attached hereto as **Exhibit 15**.

9     64. Upon information and belief, neither Vela nor Gemini responded to

10  Blechschmidt's October 26, 2007 letter relating to the tender under the Mersy policies.

11    65. Upon information and belief, by letters dated January 16, 2008, Peter S.

12  Gregorovic, Haddenn's counsel, followed up on the tender of defense under the Gemini policies

13  using separate letters for the tenders under the Gonzales and Mersy policies.

14    66. Upon information and belief, a true and correct copy of Gregorovic's January 16,

15  2008 letter regarding the Gonzales policies is attached hereto as **Exhibit 16**.

16    67. Upon information and belief, Gemini received a copy of Gregorovic's January 16,

17  2008 letter regarding the Gonzales policies in or about January, 2007.

18    68. Upon information and belief, a true and correct copy of the of Gregorovic's

19  January 16, 2008 letter regarding the Mersy policies is attached hereto as **Exhibit 17**.

20    69. Upon information and belief, Gemini received a copy of Gregorovic's January 16,

21  2008 letter regarding the Mersy policies in or about January, 2007.

22    70. Upon information and belief, Vela responded on behalf of Gemini to

23  Gregorovic's January 16, 2008 letter relating to the Gonzales policies by letter dated January 25,

24  2008, requesting a copy of the subcontract between Haddenn and Gonzales.

25    71. Upon information and belief, a true and correct copy of Vela's January 25, 2008

26  letter is attached hereto as **Exhibit 18**.

27    72. Upon information and belief, neither Gemini nor Vela responded to Gregorovic's

28  January 16, 2008 letter relating to Haddenn's tender under the Mersy policies.

73. Upon information and belief, Gregorovic provided the subcontract between Haddenn and Gonzales to Vela by letter dated January 31, 2008.

74. Upon information and belief, a true and correct copy of Gregorovic's January 31, 2008 letter is attached hereto as **Exhibit 19**.

75. Upon information and belief, Vela received Gregorovic's January 31, 2008 letter in January or February, 2008.

76. Upon information and belief, Vela received a copy of the contract between Gonzales and Haddenn in January or February, 2008.

77. Upon information and belief, neither Vela nor Gemini responded to Gregorovic's January 31, 2008 letter.

78. Upon information and belief, Vela, on behalf of Gemini, denied coverage for Haddenn's tender of defense under the Mersy policies by letter dated February 5, 2008.

79. Upon information and belief, a true and correct copy of Vela's February 5, 2008 letter is attached hereto as **Exhibit 20**.

80. Upon information and belief, by letter dated August 4, 2008, Gregorovic followed up on Haddenn's tender of defense under the Gonzales policies.

81. Upon information and belief, a true and correct copy of Gregorovic's August 4, 2008 letter is attached hereto as **Exhibit 21**.

82. Upon information and belief, Vela received a copy of Gregorovic's August 4, 2008 letter in August, 2008.

83. Upon information and belief, neither Vela nor Gemini responded to Gregorovic's August 4, 2008 letter.

84. Upon information and belief, Vela, on behalf of Gemini, denied coverage for Haddenn's tender of defense under the Gonzales policies by letter dated November 6, 2008.

85. Upon information and belief, a true and correct copy of Vela's November 6, 2008 letter is attached hereto as **Exhibit 22**.

86. Upon information and belief, Matthew Butler, counsel for Haddenn, wrote to Vela, on April 1, 2009, demanding that Gemini provide a defense to Haddenn.

1      87.     Upon information and belief, a true and correct copy of Butler's April 1, 2009
2 letter is attached hereto as **Exhibit 23**.

3      88.     Upon information and belief, Vela received a copy of Butler's April 1, 2009
4 letter, Exhibit 23, in April, 2009.

5      89.     Upon information and belief, Vela reiterated its denial of coverage on behalf of
6 Gemini by letter dated April 21, 2009.

7      90.     Upon information and belief, a true and correct copy of Vela's April 21, 2009
8 letter is attached hereto as **Exhibit 24**.

9      91.     Gemini owed a duty to defend Haddenn under one or more of the Gemini policies
10 with regard to the Hallams' complaint.

11     92.     Gemini breached its duty to defend Haddenn with regard to the Hallams'
12 complaint.

**D.     Gemini Misses an Opportunity to Settle the Claims Against Haddenn**

14     93.     Upon information and belief, Haddenn defended the underlying action without the
15 assistance of Gemini.

16     94.     On April 22, 2011, the Hallams' attorney, Thomas Grady, made an offer on
17 behalf of the Hallams to settle the underlying litigation against Haddenn for a payment of
18 $1,000,000.

19     95.     A true and correct copy of Grady's April 22, 2011 letter is attached hereto as
20 **Exhibit 25**.

21     96.     Upon information and belief, Haddenn's counsel provided notice Grady's April
22  2, 2011 letter to Mr. Howard N. Wollitz of Charlston, Revich, and Wollitz, LLP on April 27,
23 2011.

24     97.     Upon information and belief, Wollitz represented Gemini as counsel.

25     98.     Upon information and belief, Wollitz rejected the settlement offer on behalf of
26 Gemini by letter dated April 28, 2011.

27     99.     Upon information and belief, a true and correct copy of Wollitz's April 28, 2012
28 letter is attached hereto as **Exhibit 26**.

**E.     The Underlying Action Results in a $9,700,770.75 Judgment Against Haddenn**

100.    Following the rejection of the Hallams' $1,000,000 settlement offer by Haddenn's insurers, Haddenn and the Hallams entered into an "Agreement To Assign Rights And Claims Against Insurance Carriers in Exchange For Covenant Not To Execute" (the "Assignment of Rights").

101.    A true and correct copy of the Assignment of Rights is attached hereto as **Exhibit 27**.

102.    After the Assignment of Rights was executed, the underlying action proceeded to bench trial on June 15, 2011, which was conducted by the Honorable Ronald L. Styn.

103.    On June 29, 2011, the court awarded a judgment against Haddenn and in favor of the Hallams in the amount of $9,700,770.75.

104.    A true and correct copy of the June 29, 2011 judgment is attached hereto as **Exhibit 28**.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Breach of Contract**

105.    Plaintiffs incorporate by reference the foregoing allegations as though set forth at length herein.

106.    Upon information and belief, Haddenn has fulfilled all obligations and conditions on its part to be performed under the terms of the Gemini policies.

107.    Pursuant to the terms of one or more of the Gemini policies, Gemini had a duty to defend Haddenn in the underlying action, a duty to settle the underlying action, and a duty to indemnify Haddenn for the claims brought by the Hallams in the underlying action.

108.    Upon information and belief, beginning on or about July 9, 2007 and continuing thereafter, Gemini breached its duty to defend Haddenn when it failed to accept Haddenn's tender of the defense of the underlying action, and subsequently breached its duties to settle and indemnify Haddenn when it denied all coverage obligations to Haddenn for the underlying action and failed to participate in its settlement.

1    109.    As a legal result of Gemini's breach of its contractual duties, Haddenn has
2  suffered general, consequential and incidental damages in excess of $9,700,000.00, plus pre-
3  judgment interest in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

6    110.    Plaintiffs incorporate by reference the foregoing allegations as though set forth at
7  length herein.

8    111.    The Hallams bring these bad faith claims as Haddenn's assignee pursuant to
9  paragraph 15 of the Assignment of Rights.

10   112.    Upon information and belief, Haddenn has fulfilled all obligations and
11 conditions on its part to be performed under the terms of the Gemini policies.

12   113.    Implied in the Gemini policies by operation of law is an implied covenant of
13 good faith and fair dealing which requires insurers to act as fiduciaries, and to consider the
14 interests of the insureds as being at least equal to their own.

15   114.    The implied covenant of good faith and fair dealing requires, *inter alia*, that
16 insurers:  (1) conduct a fair, impartial, complete and thorough investigation of all claims; (2)
17 review and consider all potential bases for coverage; (3) disclose to their insured all benefits or
18 bases for coverage that might apply to the underlying action; (4) treat the interests of their
19 insureds as equal to their own; (5) evaluate and participate meaningfully in efforts to settle
20 lawsuits against the insureds; (6) accept reasonable settlement demands within policy limits to
21 protect their insureds and take them out of harm's way; and (7) fully comply with the
22 requirements of the California Insurance Code, the Fair Claims Settlement Practices regulations,
23 and all other requirements of California statutory and case law.

24   115.    Upon information and belief, Gemini breached the implied covenant of good
25 faith and fair dealing by unreasonably denying Haddenn's status as an insured, unreasonably
26 failing to defend Haddenn, unreasonably denying coverage for the underlying action,
27 unreasonably refusing to participate in the settlement of the underlying action, and
28 unreasonably failing to accept a settlement within the limits of coverage of one or more of the

Gemini policies.

116.  More particularly, Plaintiffs are informed and belief that Gemini breached the implied covenant, at a minimum, as follows:  (a) With intent to defraud its insured, refusing to acknowledge that Haddenn was an insured under the Mersy Gemini policies, despite having received a copy of the Acord certificate of insurance showing Haddenn as an additional insured, thereby providing written evidence of Mersy's agreement with Haddenn to name it as an additional insured;  (b)  By failing and refusing to consider the interests of its Haddenn as equal to its own, and accordingly unreasonably evaluating coverage for the underlying action with the goal of denying coverage; (c) With intent to defraud its insured, violating California's Fair Claims Settlement Practices Regulations, Title 10, § 2695.5(b) by failing to respond to communications from its insureds within fifteen (15) calendar days after receipt of communication where it was reasonably clear that a response was requested, and violating § 2695.7(b) by failing to accept or deny a claim, in whole or in part, within forty (40) calendar days after receiving proof of the claim; (d) Unreasonably refusing to settle the underlying action, exposing Haddenn to damages far in excess of policy limits.

117.  Plaintiffs are informed and believe that Gemini has breached the implied covenant of good faith and fair dealing through other wrongful conduct not yet fully ascertained, according to proof at trial.

118.  As a legal result of the foregoing wrongful conduct of Gemini, Haddenn has suffered general, special, and consequential damages, plus interest and attorney's fees in an amount to be proven at trial, and the Hallams, as Haddenn's assignee, are entitled to recover those damages.

119.  Gemini committed the foregoing wrongful conduct with the intent to deceive and defraud its insured at a time when it was most vulnerable and in need of the superior resources of its insurer, and therefore punitive damages are appropriate in an amount sufficient to punish and make an example of Gemini to prevent it from engaging in such deceitful conduct in the future.

**PRAYER**

1. For general, special, consequential and incidental damages in an amount exceeding $9,700,000, according to proof;
2. For prejudgment interest at the legal rate;
3. For reasonable attorney's fees incurred to recover policy benefits;
4. For punitive damages; and
5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: October 9, 2012           **HILDING LAW FIRM**

By: ＿s/ Paul A. Hilding＿
Paul A. Hilding, Esq.
James H. Pyle, Esq.
Attorneys for Plaintiffs
BOB HALLAM and LINDA HALLAM
hilding@hildinglaw.com
jpyle@hildinglaw.com