1  SHERYL W. LEICHENGER (SBN 161688)
2  TODD R. HAAS (SBN 190868)
   MELANIE M. SMITH (SBN 227436)
3  SELMAN BREITMAN LLP
   101 W. Broadway, Suite 1330
   San Diego, CA  92101
4  Telephone:     (619) 564-3600
   Facsimile:     (619) 564-3636
5  Email:     sleichenger@selmanbreitman.com
              thaas@selmanbreitman.com
6              msmith@selmanbreitman.com
   Attorneys for Defendant/Third Party Plaintiff
7  GEMINI INSURANCE COMPANY

8                UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  BOB HALLAM and LINDA HALLAM,     CASE NO.  12-CV-2442-CAB-BLM

12          Plaintiff,               GEMINI INSURANCE COMPANY'S
                                     THIRD PARTY COMPLAINT
13

14      v.
                                     Dept  :  4C
15  GEMINI INSURANCE COMPANY,        Judge :  Hon. Cathy Ann Bencivengo

16          Defendant.               Complaint Filed  :   10/09/12
                                     Trial Date       :   None set
17

18

19  GEMINI INSURANCE COMPANY

20         Third Party Plaintiff

21

22      v.

23  AMERICAN SAFETY INDEMNITY
    COMPANY; LEXINGTON
24  INSURANCE COMPANY; NORTH
    AMERICAN CAPACITY; FIRST
25  SPECIALTY INSURANCE
    COMPANY; BURLINGTON
26  INSURANCE COMPANY; CERTAIN
27  UNDERWRITERS AT LLOYD'S
28

                                1

70691.1  1159.34608

Selman Breitman LLP
ATTORNEYS AT LAW

LONDON; LINCOLN GENERAL
INSURANCE COMPANY;
NAVIGATORS INSURANCE
COMPANY;  SAFECO INSURANCE
COMPANY OF AMERICA;
HADDENN CONSTRUCTION;
HADDENN CONSTRUCTION, LLC;
HADDENN DEVELOPMENT;
HADDENN DEVELOPMENT, INC.;
HADDENN CONSULTING;
HADDENN CONSTRUCTION AND
CONSULTING; HADDENN
DEVELOPMENT, LLC; and MARIA
JOHNSON

Comes Now Defendant and Third Party Plaintiff Gemini Insurance Company ("Gemini") and hereby submits this Third Party Complaint pursuant to Federal Rule of Civil Procedure, Rule 14, as follows:

## THE PARTIES

1.      Gemini was at all times herein mentioned, and currently is, a corporation organized and existing under the laws of the State of Delaware, and duly authorized to transact business in the State of California.

2.      Gemini is informed and believes, and based thereon alleges, that third party defendant American Safety Indemnity Company ("American Safety") is an Oklahoma corporation who was at all times herein mentioned duly authorized to transact insurance business in the State of California.

3.      Gemini is informed and believes, and based thereon alleges, that third party defendant Lexington Insurance Company ("Lexington") is a Delaware corporation and was at all times herein mentioned duly authorized to transact insurance business in the State of California.

Selman Breitman LLP
ATTORNEYS AT LAW

2

70691.1  1159.34608

**12-CV-2442-CAB-BLM**

4.      Gemini is informed and believes, and based thereon alleges, that third party defendant North American Capacity ("NAC") is a New Hampshire corporation who was at all times herein mentioned duly authorized to transact insurance business in the State of California.

5.      Gemini is informed and believes, and based thereon alleges, that third party defendant First Specialty Insurance Company ("First Specialty") is a Missouri corporation who was at all times herein mentioned duly authorized to transact insurance business in the State of California.

6.      Gemini is informed and believes, and based thereon alleges, that third party defendant Burlington Insurance Company ("Burlington") is a North Carolina corporation who was at all times herein mentioned duly authorized to transact insurance business in the State of California.

7.      Gemini is informed and believes, and based thereon alleges, that third party defendant Certain Underwriters at Lloyd's London, ("Underwriters"), is a group of underwriters located in London, England who was at all times herein mentioned duly authorized to transact insurance business in the State of California.

8.      Gemini is informed and believes, and based thereon alleges, that third party defendant Lincoln General Insurance Company ("Lincoln General") is a Pennsylvania corporation who was at all times herein mentioned duly authorized to transact insurance business in the State of California.

9.      Gemini is informed and believes, and based thereon alleges, that third party defendant Navigators Insurance Company ("Navigators") is a New York corporation who was at all times herein mentioned duly authorized to transact insurance business in the State of California.

10.     Gemini is informed and believes, and based thereon alleges, that third party defendant Safeco Insurance Company of America ("Safeco") is a Massachusetts

Selman Breitman LLP
ATTORNEYS AT LAW

3

70691.1   1159.34608

12-CV-2442-CAB-BLM

corporation who was at all times herein mentioned duly authorized to transact insurance business in the State of California.

11.     Gemini is informed and believes, and based thereon alleges, that third party defendant Haddenn Construction, form of business unknown, was at all times herein mentioned duly authorized to conduct business in the State of California.

12.     Gemini is informed and believes, and based thereon alleges, that third party defendant Haddenn Construction, LLC, form of business unknown, was at all times herein mentioned duly authorized to conduct business in the State of California.

13.     Gemini is informed and believes, and based thereon alleges, that third party defendant Haddenn Development, form of business unknown, was at all times herein mentioned duly authorized to conduct business in the State of California.

14.     Gemini is informed and believes, and based thereon alleges, that third party defendant Haddenn Development, Inc. is a California corporation who was at all times herein mentioned duly authorized to conduct business in the State of California.

15.     Gemini is informed and believes, and based thereon alleges, that third party defendant Haddenn Consulting, form of business unknown, was at all times herein mentioned duly authorized to conduct business in the State of California.

16.     Gemini is informed and believes, and based thereon alleges, that third party defendant Haddenn Construction and Consulting, form of business unknown, was at all times herein mentioned duly authorized to conduct business in the State of California.

17.     Gemini is informed and believes, and based thereon alleges, that third party defendant Haddenn Development, LLC is a California limited liability company who was at all times herein mentioned duly authorized to conduct business in the State of California.

18.     Gemini is informed and believes, and based thereon alleges, that third party defendant Maria Johnson is an individual residing in the County of San Diego, State of California.

4

70691.1  1159.34608

19.     Gemini alleges that the true names and capacities, whether individual,

corporate, associate or otherwise, of the third party defendants named herein as Roes 1

through 20 are unknown to Gemini, who therefore sues said third party defendants by such

fictitious names.  Gemini will seek leave to amend this third party complaint to show the

third party defendants' true names and capacities when the same have been ascertained.

Gemini is informed and believes, and thereon alleges, that Roes 1 through 20 are in some

manner legally responsible for the claims and liabilities alleged in this Third Party

Complaint.

20.     Gemini may hereinafter collectively refer to American Safety, Lexington,

NAC, First Specialty, Burlington, Underwriters, Lincoln General, Navigators, Safeco,

Haddenn Construction, Haddenn Construction, LLC, Haddenn Development, Haddenn

Development, Inc., Haddenn Consulting, Haddenn Construction and Consulting, Haddenn

Development, LLC, Maria Johnson, and Roes 1 through 20, collectively, as the "Third

Party Defendants."

## JURISDICTION AND VENUE

21.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1332,

as the plaintiffs Bob Hallam and Linda Hallam (hereinafter "Plaintiffs") filed suit against

defendant Gemini, and Plaintiffs and Gemini are citizens of different states, and the

amount in controversy between them in the present action exceeds seventy-five thousand

dollars ($75,000), exclusive of costs and interest.

22.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over

Gemini's Third Party Complaint against each of the Third Party Defendants herein in that

Gemini's claims against each of the Third Party Defendants are supplemental to Plaintiffs'

claims against Gemini, and each of the Third Party Defendants is or may be liable to

Gemini for all or a portion of the amounts being sought by Plaintiffs from Gemini.

23.     Venue is proper in the United States District Court, Southern District of

California, in that all of the Third Party Defendants are subject to personal jurisdiction in

70691.1   1159.34608

*Selman Breitman* LLP
ATTORNEYS AT LAW

1    this District at the time the action is commenced, and as there is no District in which the

2    action may otherwise be brought.  The subject matter of this action, and Gemini's Third

3    Party Complaint, relate to the obligations owed by Gemini and the Third Party Defendants

4    regarding an underlying construction defect action styled *Hallam, et al. v. Johnson, et al.*

5    (San Diego Superior Court Case No. 37-2007-00066841-CU-CD-CTL ("Underlying

6    Action"), which was litigated within this District.  In addition, the residence in question is

7    located at 8213 Run of the Knolls, San Diego, County of San Diego, California, and

8    therefore located in this District.

9                                    **FACTUAL BACKGROUND**

10          24.    San Diego County Recorder records show that, on December 19, 2002,

11   Maria Balasubramanian (aka Maria Johnson) and Terry Johnson filed a fictitious business

12   name statement noting that they would use the fictitious business name "Haddenn

13   Development."

14          25.    California Contractor's State License Board ("CSLB") records show that, on

15   October 16, 2003, Terry Johnson obtained general contractor's license no. 826071 as a sole

16   proprietor using the business name "Johnson Development Services."

17          26.    California Secretary of State records show that Haddenn Development, LLC

18   was formed on October 22, 2003.

19          27.    San Diego County Recorder records show that, on April 2, 2004, Haddenn

20   Development, LLC filed a fictitious business name statement noting that Haddenn

21   Development, LLC would use the fictitious business name "Haddenn Construction."

22          28.    On April 1, 2014, an Independent Contractor Agreement was entered into as

23   between Dimension One Spas (a business owned by the Plaintiffs) on the one hand and

24   "Haddenn Consulting" on the other hand.

25          29.    Plaintiffs entered into a written contract on October 17, 2004 with "Haddenn

26   Construction" to build their home.  Therefore, Gemini is informed and believes the written

27   contract to build plaintiffs' home was entered into by Haddenn Development, LLC using

28

Selman Breitman LLP
ATTORNEYS AT LAW

6

the fictitious business name "Haddenn Construction."

30.     Construction of Plaintiffs' home began in late October or early November of 2004.  According to the contract, the work was to be "substantially complete within 15 months after the commencement of work."

31.     On or about December 1, 2004, Haddenn Construction, LLC entered into a Subcontractor Agreement ("the Gonzales Subcontract Agreement") with Fred Gonzales Concrete, Inc. to perform concrete work at Plaintiffs' home.

32.     Pursuant to paragraph 5 of the Gonzales Subcontract Agreement:

> Subcontractor will provide Contractor and Owner with a Certificate of insurance before coming onto the job site.  Subcontractor will name Contractor, owner and others as directed by the Contractor and/or owner as additional insured.
>
> The **Certificate Holder** shall be named Haddenn Construction, LLC and , **6701 Paseo Del Norte Suite E Carlsbad CA 92009**.

33.     California Secretary of State records show that Haddenn Development, LLC converted to a California corporation named Haddenn Development, Inc. on November 4, 2005.

34.     "Haddenn Construction and Consulting" submitted invoices to the Plaintiffs in 2004 through 2006 for work on the subject residence.

35.     Upon information and belief, no Haddenn-related entity performed construction of plaintiffs' home after February 8, 2007.

36.     San Diego County Recorder records show that on February 26, 2007 Haddenn Development, Inc. filed a fictitious business name statement noting that Haddenn Development, Inc. would use the fictitious business name "Haddenn Construction."

37.     California CSLB records show that, on October 25, 2007, Haddenn Development, Inc. obtained a general contractor's license.

38.     San Diego County Recorder records show that, on March 4, 2007, Terry Johnson filed a fictitious business name statement noting that Haddenn Development, Inc. would use the fictitious business name "Haddenn Construction."

Selman Breitman LLP
ATTORNEYS AT LAW

7

## THE HADDENN-RELATED ENTITIES

39.     On or about May 15, 2007, plaintiffs filed a lawsuit against, among others, Terry Johnson, individually and doing business as Haddenn Construction; Haddenn Development; Haddenn Development, LLC; Haddenn Development, Inc..; Haddenn Construction; Haddenn Construction and Consulting; Maria Johnson, also known as Maria Balasbramanian; and De Novo Legal, LLP ("the Underlying Action").

40.     According to state court filings, on or about July 24, 2007, George Rikos of the Coast Law Group entered an appearance, by and through the filing of a demurrer, on behalf of Terry Johnson, Maria Johnson, De Novo Legal, LLP, Haddenn Construction, Haddenn Development, LLC, and Haddenn Development, Inc.

41.     According to state court filings, on or about October 4, 2007, Bart Blechschmidt of Galuppo & Blechschmidt substituted as counsel of record for George Rikos, Coast Law Group, on behalf of Terry Johnson, Haddenn Construction, Haddenn Development, LLC, and Haddenn Development, Inc. and Haddenn Consulting.

42.     According to state court filings, on or about January 4, 2008, Peter Gregorovic of Fredrickson, Mazeika & Grant, LLP associated in as counsel of record with George Rikos, Coast Law Group, on behalf of Terry Johnson, Haddenn Construction, Haddenn Development, LLC, and Haddenn Development, Inc., Haddenn Consulting, Haddenn Construction and Consulting, and Maria Johnson.

43.     According to state court filings, on or about January 24, 2008, Peter Gregorovic of Fredrickson, Mazeika & Grant, LLP substituted as counsel of record for Bart Blechschmidt of Galuppo & Blechschmidt on behalf of Terry Johnson, Haddenn Construction, and Haddenn Development, LLC.

44.     According to state court filings, on or about April 2, 2008, Matthew Butler of Nicholas & Butler substituted as counsel of record for Bart Blechschmidt of Galuppo & Blechschmidt on behalf of Terry Johnson, an individual and doing business as Haddenn Construction, Haddenn Development, Haddenn Development, LLC, Haddenn

Selman Breitman LLP
ATTORNEYS AT LAW

70691.1  1159.34608

1  Development, Inc., Haddenn Consulting, Haddenn Construction and Consulting, and

2  Maria Johnson also known as Maria Blasubramanian.

3        45.    Upon information and belief, First Specialty accepted the defense of Terry

4  Johnson, individually, Maria Johnson, individually, Terry Johnson dba Haddenn

5  Construction, and Haddenn Development, Inc. dba Haddenn Construction, and First

6  Specialty provided a defense to Terry Johnson, individually, Maria Johnson, individually,

7  Terry Johnson dba Haddenn Construction, and Haddenn Development, Inc. dba Haddenn

8  Construction relating to the Underlying Action.

9        46.    Upon information and belief, Underwriters accepted the defense of one of

10  the Haddenn-related entities, and Underwriters provided a defense to one of the Haddenn-

11  related entities relating to the Underlying Action.

12        47.    Despite the defense provided by First Specialty and Underwriters, the

13  Underlying Action proceeded to an uncontested bench trial, and judgment was entered

14  against Terry Johnson; Maria Johnson; Haddenn Construction; Haddenn Development;

15  Haddenn Development, LLC; Haddenn Development, Inc.; Haddenn Consulting; and

16  Haddenn Construction and Consulting in the amount of $9,700,770.75.

17                        **THE GEMINI POLICIES**

18        48.    Gemini provided general liability insurance to Fred Gonzales Concrete, Inc.

19  ("Gonzales") pursuant to Policy Nos. VCGP008833 (effective from May 11, 2004 to May

20  11, 2005) and VCGP010843 (effective from May 11, 2005 to May 11, 2006) (hereinafter,

21  the "Gemini Policies").

22        49.    The Gemini Policies provide Gonzales with general liability coverage

23  pursuant to Commercial General Liability Coverage Form CG 00 01 07 98, which states in

24  relevant part that Gemini will pay those sums that an insured becomes legally obligated to

25  pay as damages because of "property damage" caused by an "occurrence," provided that

26  the "property damage" occurs during the Gemini Policies.

27        50.    The Gemini Policies define "property damage" as follows:

28            a.    Physical injury to tangible property, including all

9

Selman Breitman LLP
ATTORNEYS AT LAW

70691.1  1159.34608

**12-CV-2442-CAB-BLM**

resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.       Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it."

51.     The Gemini Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

52.     The Gemini Policies include a blanket additional insured endorsement which provides as follows:

Who is An Insured is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured but only with respect to liability caused by your ongoing operations performed for that insured. A person's or organization's status as an insured under this endorsement ends when your operations for that insured are completed. This insurance does not apply to liability caused by the sole negligence of any additional insured.

## THE AMERICAN SAFETY POLICIES

53.     Gemini is informed and believes, and based thereon alleges, that American Safety issued one or more insurance policies that provide general liability coverage to Terry V. Johnson dba Haddenn Construction, including, but not limited to, Policy Nos. ESL010558-05-01 (effective from August 19, 2005 to August 19, 2006) and ESL010558-06-02 (effective from August 19, 2006 to August 19, 2007) (hereinafter, the "American Safety Policies").

54.     Gemini is informed and believes, and based thereon alleges, that the American Safety Policies agree to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the American Safety Policies.

55.     Gemini is informed and believes, and based thereon alleges, that the American Safety Policies include the same or a substantially similar definition of "property

10

Selman Breitman LLP
ATTORNEYS AT LAW

1   damage" and "occurrence" as the Gemini Policies.

2       56.    Gemini is informed and believes, and based thereon alleges, that the

3   American Safety Policies include one or more endorsements which confer named insured

4   status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related

5   entities for the claims that were at issue in the Underlying Action.

6       57.    Gemini is informed and believes, and based thereon alleges, that the

7   coverage provided to Terry V. Johnson dba Haddenn Construction and/or other Haddenn-

8   related entities as a named insured under the American Safety Policies is primary coverage

9   and therefore American Safety had a duty to respond to the Underlying Action before the

10  Gemini Policies.

11                        **THE LEXINGTON POLICIES**

12      58.    Gemini is informed and believes, and based thereon alleges, that Lexington

13  issued one or more insurance policies that provide general liability coverage to named

14  insured Gonzales, including, but not limited to, Policy No. 7504028 (effective from May

15  11, 2006 to May 11, 2007).  Gemini is informed and believes, and based thereon alleges,

16  that Lexington issued one or more insurance policies that provide general liability

17  coverage to named insured Addison Sheet Metal, Inc., including, but not limited to, Policy

18  Nos. 001142493 (effective from September 1, 2003 to September 1, 2004), 001143671

19  (effective from September 1, 2004 to September 1, 2005) and 001144874 (effective from

20  September 1, 2005 to September 1, 2006).  Gemini is informed and believes, and based

21  thereon alleges, that Lexington issued one or more insurance policies that provide general

22  liability coverage to named insured Advanced Energy Insulation & Sound Control, Inc.,

23  including, but not limited to, Policy Nos. 1143675 (effective from August 31, 2004 to

24  August 31, 2005), 1144892 (effective from August 31, 2005 to August 31, 2006), and

25  7505726 (effective from August 31, 2006 to August 31, 2007).  All of the policies

26  identified in this paragraph are hereinafter collectively referred to as the "Lexington

27  Policies."

28

Selman Breitman LLP
ATTORNEYS AT LAW

11

59.     Gemini is informed and believes, and based thereon alleges, that the Lexington Policies agree to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the Lexington Policies.

60.     Gemini is informed and believes, and based thereon alleges, that the Lexington Policies include the same or a substantially similar definition of "property damage" and "occurrence" as the Gemini Policies.

61.     Gemini is informed and believes, and based thereon alleges, that the Lexington Policies include one or more endorsements which confer additional insured status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities for the claims that were at issue in the Underlying Action.

## THE NAC POLICIES

62.     Gemini is informed and believes, and based thereon alleges, that NAC issued one or more insurance policies that provide general liability coverage to named insured Gregory D. Caso Plumbing, Inc. dba APEX, including, but not limited to, Policy No. PNG000261800 (effective February 4, 2006 to February 4, 2007) (hereinafter, the "NAC Policies").

63.     Gemini is informed and believes, and based thereon alleges, that the NAC Policies agree to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the NAC Policies.

64.     Gemini is informed and believes, and based thereon alleges, that the NAC Policies include the same or a substantially similar definition of "property damage" and "occurrence" as the Gemini Policies.

65.     Gemini is informed and believes, and based thereon alleges, that the NAC Policies include one or more endorsements which confer additional insured status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities for the claims

12

70691.1  1159.34608

1    that were at issue in the Underlying Action.

### THE FIRST SPECIALTY POLICIES

3        66.    Gemini is informed and believes, and based thereon alleges, that First
Specialty issued one or more insurance policies that provide general liability coverage to
named insured Gregory D. Caso Plumbing, Inc. dba APEX, including, but not limited to,
Policy No. FCP117003668200 (effective from February 4, 2005 to February 4, 2006)
(hereinafter, the "First Specialty Policies").

        67.    Gemini is informed and believes, and based thereon alleges, that the First
Specialty Policies agree to pay those sums that an insured becomes legally obligated to pay
as damages because of "property damage" caused by an "occurrence," provided that the
"property damage" occurs during the First Specialty Policies.

        68.    Gemini is informed and believes, and based thereon alleges, that the First
Specialty Policies include the same or a substantially similar definition of "property
damage" and "occurrence" as the Gemini Policies.

        69.    Gemini is informed and believes, and based thereon alleges, that the First
Specialty Policies include one or more endorsements which confer additional insured
status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related
entities for the claims that were at issue in the Underlying Action.

### THE BURLINGTON POLICIES

        70.    Gemini is informed and believes, and based thereon alleges, that Burlington
issued one or more insurance policies that provide general liability coverage to named
insured Pacific Coast Heating & Air, including, but not limited to, Policy Nos.
157B000635 (effective from August 4, 2004 to August 4, 2005) and 157B001007
(effective from August 4, 2005 to August 4, 2006) (hereinafter, the "Burlington Policies").

        71.    Gemini is informed and believes, and based thereon alleges, that the
Burlington Policies agree to pay those sums that an insured becomes legally obligated to

Selman Breitman LLP
ATTORNEYS AT LAW

13

70691.1  1159.34608

pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the Burlington Policies.

72.     Gemini is informed and believes, and based thereon alleges, that the Burlington Policies include the same or a substantially similar definition of "property damage" and "occurrence" as the Gemini Policies.

73.     Gemini is informed and believes, and based thereon alleges, that the Burlington Policies include one or more endorsements which confer additional insured status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities for the claims that were at issue in the Underlying Action.

## THE UNDERWRITERS POLICIES

74.     Gemini is informed and believes, and based thereon alleges, that Underwriters issued one or more insurance policies that provide general liability coverage to named insured Pacific Coast Heating & Air.  Gemini is informed and believes, and based thereon alleges, that Underwriters issued one or more insurance policies that provide general liability coverage to named insured American Custom Plastering, including, but not limited to, Policy Nos. WUG-005841 (effective from April 20, 2004 to April 20, 2005) and WUG-01163 (effective April 22, 2005 to April 22, 2006).  Gemini is informed and believes, and based thereon alleges, that Underwriters issued one or more insurance policies that provide general liability coverage to named insured C.I. Electric.  All of the policies identified in this paragraph are hereinafter collectively referred to as the "Underwriters Policies."

75.     Gemini is informed and believes, and based thereon alleges, that the Underwriters Policies agree to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the Underwriters Policies.

76.     Gemini is informed and believes, and based thereon alleges, that the Underwriters Policies include the same or a substantially similar definition of "property

14

70691.1  1159.34608

damage" and "occurrence" as the Gemini Policies.

77.    Gemini is informed and believes, and based thereon alleges, that the Underwriters Policies include one or more endorsements which confer additional insured status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities for the claims that were at issue in the Underlying Action.

## THE LINCOLN GENERAL POLICIES

78.    Gemini is informed and believes, and based thereon alleges, that Lincoln General issued one or more insurance policies that provide general liability coverage to named insured R.E. Enterprises, including, but not limited to, Policy No. T6320031143-00. Gemini is informed and believes, and based thereon alleges, that Lincoln General issued one or more insurance policies that provide general liability coverage to named insured B.G. Finney Finish Carpentry, including, but not limited to, Policy No. 6320000141-01 (effective from May 31, 2004 to May 30, 2005). Gemini is informed and believes, and based thereon alleges, that Lincoln General issued one or more insurance policies that provide general liability coverage to named insured Smith Woodworks, including, but not limited to, Policy No. 632002943-00. Gemini is informed and believes, and based thereon alleges, that Lincoln General issued one or more insurance policies that provide general liability coverage to named insured Robert Ratliff Tile & Marble, including, but not limited to, Policy No. 632004081400 (effective from August 16, 2006 to August 16, 2007). All of the policies identified in this paragraph are hereinafter collectively referred to as the "Lincoln General Policies."

79.    Gemini is informed and believes, and based thereon alleges, that the Lincoln General Policies agree to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the Lincoln General Policies.

80.    Gemini is informed and believes, and based thereon alleges, that the Lincoln General Policies include the same or a substantially similar definition of "property

15

70691.1  1159.34608

Selman Breitman LLP
ATTORNEYS AT LAW

damage" and "occurrence" as the Gemini Policies.

81.     Gemini is informed and believes, and based thereon alleges, that the Lincoln General Policies include one or more endorsements which confer additional insured status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities for the claims that were at issue in the Underlying Action.

## THE NAVIGATORS POLICIES

82.     Gemini is informed and believes, and based thereon alleges, that Navigators issued one or more insurance policies that provide general liability coverage to named insured Shaun Murphy Landscaping.

83.     Gemini is informed and believes, and based thereon alleges, that the Navigators Policies agree to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the Navigators Policies.

84.     Gemini is informed and believes, and based thereon alleges, that the Navigators Policies include the same or a substantially similar definition of "property damage" and "occurrence" as the Gemini Policies.

85.     Gemini is informed and believes, and based thereon alleges, that the Navigators Policies include one or more endorsements which confer additional insured status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities for the claims that were at issue in the Underlying Action.

## THE SAFECO POLICIES

86.     Gemini is informed and believes, and based thereon alleges, that Safeco issued one or more insurance policies that provide general liability coverage to named insured We Do, We Do, Inc., including, but not limited to, Policy Nos. 01-CH-053459-1 (effective from February 13, 2006 to February 13, 2007) and 01-CH053459-2 (effective from February 13, 2007 to February 13, 2008) (hereinafter, the "Safeco Policies").

Selman Breitman LLP
ATTORNEYS AT LAW

16

70691.1  1159.34608

12-CV-2442-CAB-BLM

87.     Gemini is informed and believes, and based thereon alleges, that the Safeco Policies agree to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the Safeco Policies.

88.     Gemini is informed and believes, and based thereon alleges, that the Safeco Policies include the same or a substantially similar definition of "property damage" and "occurrence" as the Gemini Policies.

89.     Gemini is informed and believes, and based thereon alleges, that the Safeco Policies include one or more endorsements which confer additional insured status on Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities for the claims that were at issue in the Underlying Action.

## THE UNDERLYING ACTION

90.     On or about May 15, 2007, the Plaintiffs initiated the Underlying Action against numerous defendants including, but not limited to, Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities alleging construction defects at their residence located at 8213 Run of the Knolls, San Diego, County of San Diego, California.

91.     Gemini is informed and believes, and based thereon alleges, that Terry V. Johnson dba Haddenn Construction's defense and indemnity in the Underlying Action was tendered to numerous insurers, including, but not limited to, Third Party Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters, Lincoln General, Navigators, and Safeco.

92.     Gemini is informed and believes, and thereon alleges, that American Safety either ignored or denied the tender of defense and indemnity in the Underlying Action, and that American Safety refused to provide Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities with a defense or indemnity in the Underlying Action.

93.     Gemini is informed and believes, and thereon alleges, that Lexington either

17

**Selman Breitman** LLP
ATTORNEYS AT LAW

ignored or denied the tender of defense and indemnity in the Underlying Action, and that Lexington refused to provide Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities with a defense or indemnity in the Underlying Action.

94.    Gemini is informed and believes, and thereon alleges, that NAC either ignored or denied the tender of defense and indemnity in the Underlying Action, and that NAC refused to provide Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities with a defense or indemnity in the Underlying Action.

95.    Gemini is informed and believes, and thereon alleges, that Burlington either ignored or denied the tender of defense and indemnity in the Underlying Action, and that Burlington refused to provide Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities with a defense or indemnity in the Underlying Action.

96.    Gemini is informed and believes, and thereon alleges, that Lincoln General either ignored or denied the tender of defense and indemnity in the Underlying Action, and that Lincoln General refused to provide Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities with a defense or indemnity in the Underlying Action.

97.    Gemini is informed and believes, and thereon alleges, that Navigators either ignored or denied the tender of defense and indemnity in the Underlying Action, and that Navigators refused to provide Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities with a defense or indemnity in the Underlying Action.

98.    Gemini is informed and believes, and thereon alleges, that Safeco either ignored or denied the tender of defense and indemnity in the Underlying Action, and that Safeco refused to provide Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities with a defense or indemnity in the Underlying Action.

99.    Gemini is informed and believes, and thereon alleges, that First Specialty initially accepted the tender of defense and indemnity in the Underlying Action, but that First Specialty later withdrew coverage under the First Specialty Policies during the

18

1    pendency of the Underlying Action.

2           100.    Gemini is informed and believes, and thereon alleges, that Underwriters

3    initially accepted the tender of defense and indemnity in the Underlying Action, but that

4    Underwriters later withdrew coverage under the Underwriters Policies during the pendency

5    of the Underlying Action.

6           101.    Gemini is informed and believes, and thereon alleges, that Roes 1 through 20

7    either ignored or denied the tender of defense and indemnity in the Underlying Action, and

8    that Roes 1 through 20 refused to provide a defense or indemnity in the Underlying Action.

9                                    **FIRST CAUSE OF ACTION**

10   **(Declaratory Relief Regarding Duty to Defend Against Third Party Defendants**

11   **American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters, Lincoln**

12   **General, Navigators, Safeco, and Roes 1 Through 20)**

13          102.    Gemini re-alleges and incorporates by this reference all preceding paragraphs

14   above, in their entirety, as though fully set forth herein.

15          103.    Gemini is informed and believes, and based thereon alleges, that Third Party

16   Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters,

17   Lincoln General, Navigators, Safeco, and Roes 1 through 20, and each of them, had a duty

18   to defend Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related

19   entities in the Underlying Action under their policies and well-established California law.

20          104.    Gemini is informed and believes, and based thereon alleges, that Third Party

21   Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters,

22   Lincoln General, Navigators, Safeco, and Roes 1 through 20, and each of them, denied and

23   continued to deny their duty to defend Terry V. Johnson dba Haddenn Construction and/or

24   other Haddenn-related entities in the Underlying Action despite the obligations owed

25   under their policies and well-established California law.

26          105.    Gemini is informed and believes, and based thereon alleges, that Third Party

27   Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters,

28

12-CV-2442-CAB-BLM

70691.1  1159.34608

Selman Breitman LLP
ATTORNEYS AT LAW

1     Lincoln General, Navigators, Safeco, and Roes 1 through 20, and each of them, dispute the

2     contentions as set forth herein.

3          106.    An actual controversy has arisen and now exists between Gemini and Third

4     Party Defendants American Safety, Lexington, NAC, First Specialty, Burlington,

5     Underwriters, Lincoln General, Navigators, Safeco, and Roes 1 Through 20, which

6     requires a judicial determination regarding the duty to defend owed by Third Party

7     Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters,

8     Lincoln General, Navigators, Safeco, and Roes 1 through 20 to Terry V. Johnson dba

9     Haddenn Construction and/or other Haddenn-related entities in the Underlying Action.

10                          **SECOND CAUSE OF ACTION**

11    **(Declaratory Relief Regarding Duty to Indemnify Against Third Party Defendants**

12    **American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters, Lincoln**

13             **General, Navigators, Safeco, and Roes 1 Through 20)**

14          107.    Gemini re-alleges and incorporates by this reference all preceding paragraphs

15     above, in their entirety, as though fully set forth herein.

16          108.    Gemini is informed and believes, and based thereon alleges, that Third Party

17     Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters,

18     Lincoln General, Navigators, Safeco, and Roes 1 through 20, and each of them, had a duty

19     to indemnify Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related

20     entities in the Underlying Action under their policies and well-established California law.

21          109.    Gemini is informed and believes, and based thereon alleges, that Third Party

22     Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters,

23     Lincoln General, Navigators, Safeco, and Roes 1 through 20, and each of them, denied and

24     continued to deny their duty to indemnify Terry V. Johnson dba Haddenn Construction

25     and/or other Haddenn-related entities in the Underlying Action despite the obligations

26     owed under their policies and well-established California law.

27

28

**Selman Breitman** LLP
ATTORNEYS AT LAW

70691.1  1159.34608

12-CV-2442-CAB-BLM

110.    Gemini is informed and believes, and based thereon alleges, that Third Party Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters, Lincoln General, Navigators, Safeco, and Roes 1 through 20, and each of them, dispute the contentions as set forth herein.

111.    An actual controversy has arisen and now exists between Gemini and Third Party Defendants American Safety, Lexington, NAC, First Specialty, Burlington, Underwriters, Lincoln General, Navigators, Safeco, and Roes 1 through 20, which requires a judicial determination regarding the duty to indemnify owed by the Third Party Defendants to Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action.

## THIRD CAUSE OF ACTION

### (Equitable Contribution Regarding Defense Expenses Against All Third Party Defendants)

112.    Gemini re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

113.    Gemini is informed and believes, and based thereon alleges, that the Third Party Defendants are obligated to defend Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in connection with the Underlying Action, such that the defense obligations owed to Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in connection with the Underlying Action should be borne by each based upon an equitable allocation.

114.    Gemini is informed and believes, and based thereon alleges, that Third Party Defendants failed and refused, and continue to fail and refuse, to contribute to their fair share of the defense incurred, continuing to be incurred, and/or to be incurred in the future, on behalf of Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action.

115.    Gemini is informed and believes, and based thereon alleges, that Third Party

21

Defendants should be required to reimburse Gemini for their fair share of the defense that may be incurred by Gemini in the future, relative to claims alleged against Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action, including interest.

## FOURTH CAUSE OF ACTION

### (Equitable Contribution Regarding Indemnity Against All Third Party Defendants)

116.    Gemini re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

117.    Gemini is informed and believes, and based thereon alleges, that the Third Party Defendants are obligated to indemnify Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in connection with the Underlying Action, such that the indemnity obligations owed to Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in connection with the Underlying Action should be borne by each based upon an equitable allocation.

118.    Gemini is informed and believes, and based thereon alleges, that Third Party Defendants failed and refused, and continue to fail and refuse, to contribute for their fair share of the indemnity incurred, continuing to be incurred, and/or to be incurred in the future, on behalf of Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action.

119.    Gemini is informed and believes, and based thereon alleges, that Third Party Defendants should be required to contribute for their fair share of the indemnity incurred, continuing to be incurred, and/or that may be incurred in the future by Gemini, on behalf of Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action, including interest.

/ / / /

/ / / /

/ / / /

Selman Breitman LLP
ATTORNEYS AT LAW

22

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief Against Third Party Defendants Haddenn Construction, Haddenn Construction, LLC, Haddenn Development, Haddenn Development, Inc., Haddenn Consulting, Haddenn Construction and Consulting, and Haddenn Development, LLC)**

120.    Gemini re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

121.    As against Haddenn Construction, Haddenn Construction, LLC, Haddenn Development, Haddenn Development, Inc., Haddenn Consulting, Haddenn Construction and Consulting, and Haddenn Development, LLC, an actual, present, and justiciable controversy has arisen and now exists between Gemini on the one hand and Haddenn Construction, Haddenn Construction, LLC, Haddenn Development, Haddenn Development, Inc., Haddenn Consulting, Haddenn Construction and Consulting, and Haddenn Development, LLC on the other, concerning the rights, duties, and obligations under the Gemini Policies issued.

122.    Gemini contends that, pursuant to Gemini Policies, notwithstanding any other limitations and exclusions contained within the Gemini Policies, the primary responsibility for Terry V. Johnson dba Haddenn Construction's entire defense and indemnity does not shift to Gemini.

123.    Gemini further contends that there is no potential coverage available for Terry V. Johnson dba Haddenn Construction under the Gemini Policies with regard to the Underlying Action.

124.    Gemini alleges that a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations of between Gemini on the one hand and Haddenn Construction, Haddenn Construction, LLC, Haddenn Development, Haddenn Development, Inc., Haddenn Consulting, Haddenn Construction and Consulting, and Haddenn Development, LLC on the other under the provisions of the Gemini Policies may

23

Selman Breitman LLP
ATTORNEYS AT LAW

70691.1  1159.34608

be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Gemini prays for judgment against the Third Party Defendants as follows:

1.     On the First Cause of Action, for a declaration that the Third Party Defendants had, and continue to have, a duty to defend Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action.

2.     On the Second Cause of Action, for a declaration that the Third Party Defendants had, and continue to have, a duty to indemnify Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action.

3.     On the Third Cause of Action, for a proportionate share of the amounts expended, or to be expended by Gemini, in the defense of Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action, plus interest.

4.     On the Fourth Cause of Action, for a proportionate share of the amounts expended, or to be expended by Gemini, to indemnify Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities in the Underlying Action, plus interest.

5.     On the Fifth Cause of Action, for a declaration that that there is no potential coverage available for Terry V. Johnson dba Haddenn Construction and/or other Haddenn-related entities under the Gemini Policies with regard to the Underlying Action.

6.     For costs of suit incurred herein.

7.     For such other relief as the Court deems proper.

DATED:  May ___, 2014          SELMAN BREITMAN LLP


By:  **s/ Todd R. Haas**
      SHERYL W. LEICHENGER
      TODD R. HAAS
      MELANIE M. SMITH
      Attorneys for Defendant/Third Party Plaintiff
      GEMINI INSURANCE COMPANY

Selman Breitman LLP
ATTORNEYS AT LAW

24

70691.1   1159.34608

**12-CV-2442-CAB-BLM**

## CERTIFICATE OF SERVICE

I, Todd R. Haas, hereby certify that on May ___, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorneys of record that the documents have been filed and are available for viewing and downloading.  Those who have not yet registered for service via CM/ECF will be served by other means.


DATED:  May___, 2014        SELMAN BREITMAN LLP


                            By:  s/ Todd R. Haas
                                 TODD R. HAAS
                                 Attorneys for Defendant
                                 GEMINI INSURANCE COMPANY

70691.1  1159.34608

12-CV-2442-CAB-BLM