

Michael G. Olinik (SBN 291020)
402 W Broadway, Fourth Floor
San Diego, California 92101
Telephone:   (619) 595-3127
molinik@butler-firm.com

Attorney for Maria Johnson, Terry Johnson,
and the Haddenn entities

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB HALLAM and LINDA HALLAM,<br><br>  Plaintiffs,<br><br>  v.<br><br>GEMINI INSURANCE COMPANY,<br><br>  Defendant.<br>――――――――――――――――――<br>GEMINI INSURANCE COMPANY,<br><br>  Third Party Plaintiff,<br><br>  v.<br><br>AMERICAN SAFETY INDEMNITY COMPANY; LEXINGTON INSURANCE COMPANY; NORTH AMERICAN CAPACITY; FIRST SPECIALTY INSURANCE COMPANY; BURLINGTON INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S LONDON; LINCOLN GENERAL INSURANCE COMPANY; NAVIGATORS INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF AMERICA; HADDENN CONSTRUCTION; HADDENN CONSTRUCTION, LLC; HADDENN DEVELOPMENT; HADDENN DEVELOPMENT, INC.; HADDENN CONSULTING; HADDENN CONSTRUCTION AND CONSULTING; HADDENN DEVELOPMENT, LLC; and MARIA JOHNSON.<br><br>  Third Party Defendants. | CASE NO. 12-CV-2442-CAB-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD PARTY DEFENDANTS MARIA JOHNSON AND HADDENN ENTITIES' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT.**<br><br>Dept:        4C<br>Judge:       Hon. Cathy Ann Bencivengo<br><br>Complaint Filed:              10/09/12<br>Third Party Complaint Filed:  5/01/14<br>Final Pre-Trial Date:         9/30/16<br>Hearing Date:                 6/15/16<br><br>PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

# TABLE OF CONTENTS

**I.   INTRODUCTION** ............................................................................1

**II.  FACTUAL AND PROCEDURAL BACKGROUND** ........................2

**III. LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT** .............5

**IV. ARGUMENT** ................................................................................6

   **A. Gemini's Third and Fourth Counts Fail Because Equitable Contribution is Only Available Against Insurers.** ...............................6

   **B. Gemini's Third and Fourth Counts Fail Because Equitable Indemnity and Subrogation Are Unavailable Where the Haddenn Parties Are Not Joint Tortfeasors.** .......................................7

      1. Gemini Cannot Recover Under Equitable Indemnity. .....................8

      2. Gemini's Third and Fourth Counts Fail Because Subrogation is Only Available to Insurers Who Settle the Underlying Third Party Tort Claim, Not to Non-Defending Insurers Who Settle Contract-Based Bad Faith Claims. .......................9

   **C. All of Gemini's Claims Fail Because The Factual Dispute About Who or What Entity Was Doing Business As Haddenn Construction At Any Time Established a Duty to Defend Maria Johnson, Terry Johnson, and All Haddenn Entities.** .........10

   **D. Gemini's Fifth Claim For Declaratory Relief Also Fails Because Gemini Paid to Settle Its Contractual Obligations and the Statute of Limitations Has Run.** .........14

      1. Gemini's Settlement with the Hallams Settled All Contractual Disputes. ......14

      2. Gemini's Claims Fail Because The Statute of Limitations Has Run on Gemini's Contract Claims. ...............................15

      3. Gemini's Claims Fail Because It Failed to Bring a Counterclaim in the Initial Bad Faith Action. ...............................16

**V. CONCLUSION** ...............................................................................18



# TABLE OF AUTHORITIES

## Cases

*Aerojet-General Corp. v. Transport Indem. Co.,* 17 Cal.4th 38 (1997)........................................6

*AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807 (1990)........................................11

*Am. Cont'l Ins. Co. v. Am. Cas. Co.,* 86 Cal.App.4th 929 (2001), *as modified* (Feb. 1, 2001), *as modified* (Feb. 7, 2001), *as modified* (Feb. 16, 2001)........................................6

*American Motorcycle Assn. v. Superior Court*, 20 Cal.3d 578 (1978) ........................................8

*Babb v. Superior Court*, 3 Cal.3d 841 (1971)........................................14

*Banco Nacional de Cuba v. First National City Bank of New York*, 478 F.2d 191 (2d Cir. 1973) ...........17

*Bareno v. Employers Life Ins. Co.,* 7 Cal.3d 875 (1972)........................................11

*BFGC Architects Planners Inv. v. ForcumMackey Construction Inc.,* 119 Cal.App.4th 848 (2004)...........8

*Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal.App.3d 405 (1989) ........................................14

*Buss v. Superior Court*, 16 Cal.4th 35 (1997)........................................10

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................5

*Continental Casualty Co. v. Phoenix Constr. Co.,* 46 Cal.2d 423 (1956)........................................11

*Cty. of San Diego v. State Of California*, 164 Cal.App.4th 580 (2008) ........................................14

*Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal.4th 1252 (2006)........................................8

*Expressions at Rancho Niguel Ass'n v. Ahmanson Developments, Inc.,* 86 Cal.App.4th 1135 (2001)...........8

*Fireman's Fund Ins. Co. v. Maryland Cas. Co.,* 65 Cal.App.4th 1279 (1998) ........................................6, 9

*Garriott Crop Dusting Co. v. Superior Court*, 221 Cal.App.3d 783 (1990) ........................................15

*Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276 (1966)........................................11

*Horace Mann Ins. Co. v. Barbara B.,* 4 Cal.4th 1076 (1993) ........................................11, 14

*Hulsey v. Koehler*, 218 Cal.App.3d 1150 (1990)........................................16

*In re Marshall*, 600 F.3d 1037 (9th Cir. 2010) ........................................16

*Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136 (1990) ........................................8

*Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574 (1986)........................................5

*Metro U.S. Services, Inc. v. City of Los Angeles,* 96 Cal.App.3d 678 (1979) ........................................6

*Mirpad, LLC v. California Ins. Guarantee Assn.*, 132 Cal.App.4th 1058 (2005)........................................11

*Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 295 (1993) ........................................10

*Montrose Chemical Corp. v. Admiral Ins. Co.*, 10 Cal.4th 645 (1995) .......................................11

*Sentry Ins. A Mut. Co. v. Provide Commerce, Inc.*, No. 14-CV-2868-BAS-WVG, 2016 WL 1241553 (S.D. Cal. Mar. 30, 2016)...........................................................................................................10

*State Farm Mut. Auto. Ins. Co. v. Jacober,* 10 Cal.3d 193 (1973) ...............................................11

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.*, 143 Cal.App.4th 1036 (2006) ...........8

*Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384 (3d Cir. 2002)16

*Truck Ins. Exchange v. Amoco Corp.,* 35 Cal.App.4th 814 (1995) ................................................6

*United Services Auto. Ass'n v. Alaska Ins. Co.*, 94 Cal.App.4th 638 (2001) ....................1, 7, 8, 10

*Valley Disposal Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 113 F.3d 357 (2nd Cir. 1997)...............16

**Statutes**

Cal. Civ. Proc. Code § 1060 .........................................................................................................14

Cal. Civ. Proc. Code § 337 ...........................................................................................................15

Cal. Civ. Proc. Code § 426.30 ......................................................................................................16

**Rules**

Fed. R. Civ. P. 13..................................................................................................................16, 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1   Third Party Defendants Haddenn Construction, Haddenn Construction, LLC,

2   Haddenn Development, Haddenn Development, Inc., Haddenn Consulting, Haddenn

3   Construction and Consulting, Haddenn Development, LLC, and Maria Johnson

4   (collectively, "Haddenn") hereby submit this memorandum in support of their motion for

5   summary judgment or in the alternative partial summary judgment regarding the claims of

6   Third Party Plaintiff Gemini Insurance Company (hereinafter "Gemini") against Haddenn.

## I.   INTRODUCTION

> There is simply no authority that allows an insurer to deny coverage for a third party claim, settle the insured's subsequent bad faith claim based on its denial of coverage, and then obtain reimbursement for the bad faith settlement from another insurer that provided coverage to the insured and settled the underlying case.

11  *United Services Auto. Ass'n v. Alaska Ins. Co.*, 94 Cal.App.4th 638, 648 (2001).  In this

12  action, Gemini's third party complaint goes even further, seeking equitable indemnity from

13  its insured and other allegedly uninsured parties from the underlying case.  Gemini claims it

14  did not insure Maria Johnson and the other named Haddenn Entities, and is thus entitled to

15  payment from them for Gemini's payment for failing to provide a defense.  Gemini misses

16  the point.  At the time of the tender, and throughout the underlying litigation, a substantial

17  factual dispute existed commanding Gemini defend all Haddenn and Johnson parties.  The

18  factual question was, and remains, who is "Haddenn Construction."  The Hallams alleged in

19  the underlying case that Terry Johnson, Maria Johnson, and all Haddenn Entities were

20  inextricably intertwined and doing business as Haddenn Construction.  The Haddenn names

21  were used interchangeably throughout the construction.  This factual dispute by itself

22  established Gemini's duty to defend each and every one of them – destroying Gemini's

23  hopes in this case.

24  Gemini's damages also purportedly arise from its payment to settle contract-based

25  claims for insurance bad faith. Gemini continues to force Haddenn to litigate when Haddenn

26  settled its liability with the underlying Plaintiffs (Hallam) **five years ago.  Gemini already**

27  **settled** Haddenn's claims for insurance bad faith with assignees Bob and Linda Hallam in

28

**P&A'S IN SUPPORT OF HADDENN'S MOTION FOR SUMMARY JUDGMENT**

this matter.    Gemini's continued pursuit against Haddenn is malicious, unfounded, and impermissible under California law.

California law precludes Gemini's claims against Haddenn for contribution towards its $4 million settlement with Bob and Linda Hallam ("Hallams") of Haddenn's assigned insurance contract claims.  This Court must grant summary judgment for three reasons:

1.    California limits insurance company's claims for equitable contribution to only those against other insurers, and none of the Haddenn Entities are insurers;

2.    Even if Gemini's claim is construed as equitable indemnity/subrogation, it fails because Gemini cannot seek equitable relief against non-insurance company defendants after settling a contract claim; and

3.    Gemini owed a duty to defend Ms. Johnson and each and every Haddenn entity because there was a possibility that any one of them was doing business as Haddenn Construction – the named entity on Gemini's Additional Insured Certificate.

Gemini's declaratory relief fails as well.  Whether the Haddenn entities were insureds under Gemini's contract does not change the outcome.  None of the Haddenn entities were insurers, and Gemini cannot equitably recover for its payment of contract damages. Further, Gemini's resolution of its contract claims with Haddenn's assignees resolved any dispute over the terms of the insurance policy.   Haddenn's motion for summary judgment should be granted in its entirety as to all causes of action against Haddenn.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Bob Hallam and Linda Hallam ("the Hallams") hired Haddenn to build a house.  (T. Johnson Decl. ¶ 3.)  Terry Johnson is familiar with the Haddenn entities.  (T. Johnson Decl. ¶ 4.)  None of the Haddenn entities are insurance companies, and none of the Haddenn entities had an insurance co-obligation with Gemini Insurance Company.  (T. Johnson Decl. ¶ 5.)

Gemini issued an insurance policy to Fred Gonzales Concrete, Inc. ("Gonzales") that included a duty to defend.  Gemini issued a certificate of insurance to Haddenn

2

Construction as an additional insured on Fred Gonzales' policy, which it produced in discovery in this action. (Declaration of Michael G. Olinik ("Olinik Decl."), Exh. 1 (Certificate of Liability Insurance).) On May 15, 2007, the Hallams filed a construction defect lawsuit against Terry Johnson dba Haddenn Construction, as well as other Haddenn entities and the subcontractors ("the underlying action") in San Diego Superior Court (Case No. 37-2007-00066841-CU-CD-CTL). (Request for Judicial Notice ("RJN") Exh. A. (Second Amended Complaint).) It included causes of action for negligence and breach of contract. (*Id*.) The Hallams alleged that all Haddenn entities and Maria Johnson acted in unity with and conducted business as 'Haddenn Construction' and were the same entity. (*Id*. at ¶ 34.) On or about July 9, 2007, Haddenn's counsel George Rikos tendered Haddenn's defense to Gemini. (Olinik Decl., Exh. 2.) Gemini wrongly denied coverage of the claims – asserting that "Haddenn Construction" was not an insured. (Olinik Decl. Exh. 3.) Gemini reaffirmed its denial of coverage in late 2008. (Olinik Decl. Exh. 4.)

In January 2009, Haddenn Construction initiated an insurance bad faith action against insurers for coverage in the underlying action by the Hallams. (RJN Exh. C.) Haddenn's second amended complaint in this action included a copy of the Hallam's first amended complaint in the underlying action attached as Exhibit C. (RJN Exh. D.) Gemini was added as a doe defendant in Haddenn's 2008 case on March 9, 2009. (RJN Exh. C, at p. 5 of 14, Entry 65.) After adding Gemini as a Defendant, Haddenn sent another letter to Gemini, through their authorized claims administrator Vela Insurance, insisting that Gemini defend Haddenn in the underlying action, regardless of what entities were covered, because there was potential coverage. (Declaration of Matthew B. Butler ("Butler Decl."), Exh. 8.) Gemini, through Vela, again denied the tender on April 21, 2009, still claiming that Haddenn Construction was not insured under the policy. (Butler Decl. Exh. 9.) Gemini answered Haddenn's Complaint in the bad faith action on June 10, 2009. (RJN Exh. C at p. 6 of 14, Entry 94.)

After the repeated denial of coverage and answering the Haddenn's Complaint but before the underlying case was concluded, Gemini's claim notes indicate they "probably

owe the GC a defense under Crawford." (Olinik Decl., Exh. 6, 7/16/09 entry.)

On or around May 10, 2011, Haddenn and the Hallams entered into an "Agreement to Assign Rights and Claims Against Insurance Carriers in Exchange for Covenant not to Execute," assigning to the Hallams all rights to Haddenn's claims against Gemini and other carriers. (Dkt. No. 241-30; Johnson Decl. Exh. 5.) On June 29, 2011, the San Diego Superior Court awarded an uncontested judgment in favor of the Hallams in the amount of $9,700,770.75 against Haddenn after the Court held a trial on damages. (RJN Exh. B.)

On October 9, 2012, the assignee Hallams filed this action against Gemini for breach of contract and breach of the implied covenant of good faith and fair dealing arising out of the judgment in the underlying action. (Dkt. No. 1.) The Hallams asserted that Gemini violated its duty to defend and indemnify Haddenn in the underlying action. (*Id*.) On August 9, 2013, the Hallams filed their First Amended Complaint. (Dkt. No. 28.)

On May 1, 2014, Gemini electronically filed a Third Party Complaint against numerous Third Party Defendants, including Maria Johnson and the Haddenn entities. (Doc. No. 51.) Haddenn filed a motion to dismiss, and the Court granted Haddenn's motion to dismiss with leave to amend.[1] (Dkt. Nos. 187, 204.) Gemini filed its amended complaint on April 28, 2015. (Dkt. No. 215.) The changes in the Amended Complaint appear to include moving Paragraphs 39 through 44 of the original complaint to Paragraphs 71 through 76 of the First Amended Complaint. (*Compare* Dkt. No. 51 *with* Dkt. No. 215.) The Amended Complaint also included allegations about the judgment and quotes from the Hallam's Trial Brief. (Dkt. No. 215, ¶¶ 88-106.) Gemini also changed the language of their third, fourth, and fifth causes of action. (Dkt. No. 215.) Gemini failed to remove any Haddenn Entities or to allege why any individual Haddenn

---

[1] Though some of those bases are not presented in this motion for summary judgment, Haddenn preserves those bases for use at trial and/or on appeal.

1  entity is liable for any part of Gemini's settlement.  Gemini used more words, but failed to

2  allege any wrongdoing against any Haddenn Entity.  Gemini failed to even mention Maria

3  Johnson's names in the third, fourth, or fifth cause of action.  (Dkt. No. 215 ¶¶ 117-140.)

4      On or about October 19, 2015, Gemini settled with the Hallams for $4 million.

5  (Dkt. No. 276, ¶ 6.)  The Settlement Agreement recognized the Hallams as assignees of

6  Haddenn's rights and claims against Gemini.  (Olinik Exh. 7, Recital A.)  All of the

7  Hallam's assigns, including Haddenn, released Gemini of all further claims.  (*Id*. at ¶

8  3.A.)  Similarly, Gemini released all claims against the Hallams and their assigns, defined

9  as the Hallam Releasing Parties.  (*Id*. at ¶ 4.A.)  The Parties inserted a clause, however,

10 specifically preserving Gemini's claims against all Third Party Defendants.  (*Id*. at ¶ 5.)

11 Although Gemini settled the rights Haddenn possessed against Gemini for $4 million,

12 Gemini still seeks claims against Haddenn.  Enforcement of the settlement agreement, and

13 potential claims against the Hallams for breach of the assignment are not at issue here.

14 California law precludes Gemini's claims, giving rise to this motion.

15 ### III.   LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

16      The "purpose of summary judgment is to 'pierce the pleadings and to assess the

17 proof in order to see whether there is a genuine need for trial.' " *Matsushita Electric*

18 *Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  The moving party

19 meets its initial burden of showing the absence of a genuine issue of material fact as to an

20 essential element of the non-moving party's case by "informing the district court of the

21 basis for its motion, and identifying those portions of 'the pleadings, depositions, answers

22 to interrogatories, and admissions on file, together with the affidavits, if any,' which it

23 believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

24 *Catrett*, 477 U.S. 317, 322-23 (1986).  Here, there are no genuine issues of material fact

25 and Gemini's claims fail as a matter of law.

26 / / /

27 / / /

28 / / /



# IV.   ARGUMENT

## A.   Gemini's Third and Fourth Counts Fail Because Equitable Contribution is Only Available Against Insurers.

Gemini's equitable contribution claims fail, as equitable contribution is only available against other insurers.  Generally, equitable contribution in the insurance context addresses rights between insurers independent of insureds' rights (or other parties to the underlying action).  *Fireman's Fund Ins. Co. v. Maryland Cas. Co.,* 65 Cal.App.4th 1279, 1294-96 (1998).  Contribution rights arise when one insurer "has paid more than its share of the loss or [defense of] the action *without any participation by the others*."  *Id.* at 1293.  What constitutes an "insurer" depends on the definition under the insurance code.  *Truck Ins. Exchange v. Amoco Corp.,* 35 Cal.App.4th 814, 823 (1995).  The definition excludes self-insured entities, as "[a]n insurer . . . may not seek contribution from a self-insured entity because 'the obligations arising from a policy of insurance do not extend to a self-insurer.'"[2] *Id.* at 828 (quoting *Metro U.S. Services, Inc. v. City of Los Angeles,* 96 Cal.App.3d 678, 683 (1979)).

The California Supreme Court went further, settling that "[e]quitable contribution applies *only* between insurers" in *Aerojet-General Corp. v. Transport Indem. Co.,* 17 Cal.4th 38, 72 (1997) (emphasis in original).  An insurance company cannot recover equitable contribution from either an insured or an uninsured.  *Id*.  In order for equitable contribution to apply, a party must show that "two or more insurers share an *obligation* to the common insured."  *Am. Cont'l Ins. Co. v. Am. Cas. Co.,* 86 Cal.App.4th 929, 937 (2001)*, as modified* (Feb. 1, 2001)*, as modified* (Feb. 7, 2001)*, as modified* (Feb. 16, 2001) (emphasis in original).  "Every California case of which we are aware has enforced an insurer's contribution claim only where the other insurer was obligated to pay on the claim."  *Id.* (citations omitted).

---

[2] A self-insured entity is really an uninsured entity, as the entity is ultimately responsible for its debt.  *Aerojet-General Corp. v. Transprot Indem. Co.,* 17 Cal.4th 38, 72 n.20 (1997).

6

Here, Gemini seeks equitable contribution from Haddenn.  None of the Haddenn entities are insurers.  (T. Johnson Decl., ¶ 5.)  No Haddenn entity has an insurance contract to insure any other Haddenn entity or Maria Johnson, let alone a shared obligation with Gemini.  Gemini's complaint fails to allege Haddenn is an insurer or has any joint obligation with Gemini.  Gemini's claims fail as a matter of law because contribution is not available against an insured or an uninsured, and Gemini cannot show a common obligation under an insurance contract.

Gemini's fifth cause of action for declaratory relief is unnecessary because there is no need for the Court to determine whether the entities of Haddenn were insured under the insurance policies.[3]  As none of the entities are alleged to be, or were, insurers, there is no controversy requiring the Court to make any legal finding.  All of Gemini's claims against Haddenn fail as a matter of law, and the Court should grant Haddenn's motion for summary judgment on all causes of action.

**B.    Gemini's Third and Fourth Counts Fail Because Equitable Indemnity and Subrogation Are Unavailable Where the Haddenn Parties Are Not Joint Tortfeasors.**

Even if the Court reads Gemini's amended complaint as claims for equitable indemnity and/or equitable subrogation, Gemini's claims fail as a matter of law because Gemini is precluded from seeking equitable relief for its settlement of the Hallams' assigned claims.   The California Court of Appeals determined "[m]oney paid by an insurer to the insured or her assignee in settlement of the insured's bad faith or breach of contract claims cannot be treated as money paid to a third party on a claim against the insured."  *United Services Auto. Ass'n*, 94 Cal.App.4th at 648-49.   This prevents an insurer's claim for equitable subrogation or equitable indemnity against another party.

1.    Gemini Cannot Recover Under Equitable Indemnity

Equitable indemnity is not available to Gemini.  "The elements of a cause of action for indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting

---

[3] Gemini's claim for declaratory relief should also be dismissed as explained in Section IV.D.

damages to the indemnitee for which the indemnitor is contractually or equitably responsible." *Expressions at Rancho Niguel Ass'n v. Ahmanson Developments, Inc.,* 86 Cal.App.4th 1135, 1139 (2001). "Equitable indemnity principles govern the allocation of loss or damages among multiple tortfeasors whose liability for the underlying injury is joint and several." *Id.* (citing *American Motorcycle Assn. v. Superior Court,* 20 Cal.3d 578, 583, 595, 597-98 (1978)). When an underlying case has been settled and an assignee brings a claim against an insurer for breach of contract and bad faith for failure to defend, equitable indemnity is not available to the insurer in the bad faith case. *United Services Auto. Ass'n*, 94 Cal.App.4th at 644-45. At the time of the bad faith action, the debts of the other parties are already satisfied, and there is nothing left on those debts for the bad faith insurer to pay. *Id.* The only issue to be determined is allocation of responsibility amongst responsible bad-faith insurers.

In an insurance bad faith case, "breach of contract and tortious breach of the implied covenant of good faith and fair dealing are both *contract-based* theories for the recovery of benefits due under an insurance policy." *Id.* at 648 (emphasis in original) (citing *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1153 (1990)). In order for equitable indemnity to apply, there must be tort damages. *BFGC Architects Planners Inv. v. ForcumMackey Construction Inc.,* 119 Cal.App.4th 848, 852 (2004). "It is well-settled in California that equitable indemnity is only available among *tortfeasors* who are jointly and severally liable for the plaintiff's injury." *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.*, 143 Cal.App.4th 1036, 1040 (2006). In an insurance bad faith case based on an assignment, it is impossible to have joint tortfeasors. Tort damages – such as emotional distress – are legally not assignable. *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal.4th 1252, 1263 (2006).

Gemini's equitable indemnity claim fails because Gemini's liability to the Hallams was solely based on the assignment of rights under the insurance contract, not tort. The Hallams pursued contract-based claims against Gemini. (Dkt. No. 1.) As discussed above, even the tortious breach of the implied covenant of good faith and fair dealing under an insurance contact is consider a contractual claim in California. Further, the Haddenn entities

were legally precluded from assigning tort damages.  Gemini cannot show any payment it made based on tort, or that it involved multiple tortfeasors.  Therefore, even if Gemini's contribution claims are considered equitable indemnity claims, they fail as a matter of law.

Assuming, arguendo, Gemini's equitable indemnity claims are legally viable, Gemini cannot demonstrate that any Haddenn Entity or Maria Johnson share fault for Gemini's settlement payment to the Hallams.  Gemini's settlement money solely resolved assigned rights from Haddenn.  (Olinik Decl. Exh. 7.)  The Hallams' action against Gemini was solely a contract action with one alleged defendant – Gemini.  (Dkt. No. 1.)  Gemini did not settle any underlying tort to the Hallams, but rather its direct alleged contract liability to Haddenn entities, whose rights were assigned to the Hallams.  (Olinik Decl. Exh. 7.) Gemini failed to and cannot allege that the Haddenn entities owed an obligation to defend each other based on an insurance contract.  The Haddenn entities and Maria Johnson are not at fault for Gemini's obligations to Haddenn (assigned to the Hallams). Therefore, Gemini cannot satisfy the first element of equitable indemnity.

2.  <u>Gemini's Third and Fourth Counts Fail Because Subrogation is Only Available to Insurers Who Settle the Underlying Third Party Tort Claim, Not to Non-Defending Insurers Who Settle Contract-Based Bad Faith Claims.</u>

Similarly, interpreting Gemini's claim as one for equitable subrogation fails.  Under California law,

> The essential elements of an insurer's cause of action for equitable subrogation are …: (a) the insured suffered a loss for which the defendant is liable, either as the wrongdoer whose act or omission caused the loss or because the defendant is legally responsible to the insured for the loss caused by the wrongdoer; (b) the claimed loss was one for which the insurer was not primarily liable; (c) the insurer has compensated the insured in whole or in part for the same loss for which the defendant is primarily liable; (d) the insurer has paid the claim of its insured to protect its own interest and not as a volunteer; (e) the insured has an existing, assignable cause of action against the defendant which the insured could have asserted for its own benefit had it not been compensated for its loss by the insurer; (f) the insurer has suffered damages caused by the act or omission upon which the liability of the defendant depends; (g) justice requires that the loss be entirely shifted from the insurer to the defendant, whose equitable position is inferior to that of the insurer; and (h) the insurer's damages are in a liquidated sum, generally the amount paid to the insured.

*Fireman's Fund Ins. Co.*, 65 Cal.App.4th at 1292.  The nature of the payment is determinative because "money paid by an insurer to settle an insured's bad faith or breach of

9

1  contract claim represents *the insurer's* direct liability to the insured for the insurer's own

2  wrongful conduct." *United Services Auto. Ass'n*, 94 Cal.App.4th at 647 (emphasis in

3  original).  "There is simply no authority that allows an insurer to deny coverage for a third

4  party claim, settle the insured's subsequent bad faith claim based on its denial of coverage,

5  and then obtain reimbursement for the bad faith settlement from another insurer that

6  provided coverage to the insured and settled the underlying case." *Id*. at 648.

7      Here, Gemini does not have "an existing, assignable cause of action" against Haddenn

8  because Gemini's payment to the Hallams for settlement was not for the underlying action

9  or tort, but was Haddenn's assigned contract claim.  Gemini settled its own contractual

10  liability, not the tort liability of the insured.  Gemini's settlement of its own liability does not

11  create rights against Maria Johnson and the Haddenn entities for Gemini's own wrongful

12  conduct. Gemini's claims fail as a matter of law – even if they are interpreted as equitable

13  subrogation claims.

14  **C.   All of Gemini's Claims Fail Because The Factual Dispute About Who or What**
     **Entity Was Doing Business As Haddenn Construction At Any Time Established**
15   **a Duty to Defend Maria Johnson, Terry Johnson, and All Haddenn Entities.**

16      Gemini's claims for contribution or indemnity fail because it owed a defense to all

17  Haddenn entities, Terry Johnson and Maria Johnson – not just the entity or person having

18  the filed fictitious business statement at any one time.  Gemini contends only Terry Johnson

19  was doing business as Haddenn Construction, so all other Haddenn entities and Maria

20  Johnson should pay Gemini.  Gemini is wrong.

21      The duty to defend is extremely broad – encompassing any possibility of coverage.

22  Initially, this determination is made by comparing the allegations in the complaint to the

23  terms of the policy.  *Sentry Ins. A Mut. Co. v. Provide Commerce, Inc.*, No. 14-CV-2868-

24  BAS-WVG, 2016 WL 1241553, at *4 (S.D. Cal. Mar. 30, 2016) (citing *Montrose Chem.*

25  *Corp. v. Superior Court*, 6 Cal.4th 287, 295 (1993)).  The duty extends to covered and non-

26  covered claims alike, so long as there is a possibility for coverage.  "[I]n an action wherein

27  all the claims are at least potentially covered, the insurer has a duty to defend." *Buss v.*

28  *Superior Court*, 16 Cal.4th 35, 46 (1997).

1    An insurer can only avoid a defense "if the third party complaint can by no

2  conceivable theory raise a single issue which could bring it within the policy coverage."

3  *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276 (1966).  In other words, an insurer may have a

4  duty to defend even though ultimately it has no duty to indemnify.   *Mirpad, LLC v.*

5  *California Ins. Guarantee Assn.*, 132 Cal.App.4th 1058, 1068 (2005).  So, if the coverage

6  dispute hinges on factual differences, a duty to defend arises.  "If coverage depends on an

7  *unresolved dispute over a factual question*, the very existence of that dispute would establish

8  a possibility of coverage and thus a duty to defend."  *Id.* (emphasis added) (citing *Horace*

9  *Mann Ins. Co. v. Barbara B.,* 4 Cal.4th 1076, 1085 (1993)).

10   Of course, Gemini does not like the ambiguity in the identity of its named insured.

11  The California Supreme Court consistently rules that any ambiguity uncovered in the midst

12  of such factual disputes must be interpreted in favor of coverage.  *Montrose Chemical Corp.*

13  *v. Admiral Ins. Co.*, 10 Cal.4th 645, 667 (1995) (citing *AIU Ins. Co. v. Superior Court*, 51

14  Cal.3d 807 (1990); *State Farm Mut. Auto. Ins. Co. v. Jacober,* 10 Cal.3d 193, 197 (1973);

15  *Bareno v. Employers Life Ins. Co.,* 7 Cal.3d 875, 878 (1972); *Continental Casualty Co. v.*

16  *Phoenix Constr. Co.,* 46 Cal.2d 423, 437 (1956)).  This is because Gemini would be in the

17  best position to clear up ambiguity at the time of entering into the contract of insurance.

18   Here, it appears that Gemini attempts to distinguish between Terry Johnson, Maria

19  Johnson, all Haddenn entities and "Haddenn Construction."   Gemini's certificate for

20  additional insured coverage identifies "Haddenn Construction" as the insured.  Gemini failed

21  to identify a legal entity as the insured.  Then Gemini denied that Haddenn Construction was

22  an insured.  Gemini was the party responsible for clearing up that ambiguity – at the time of

23  insuring the general contractor, Gemini could have required documentation to support the

24  proper named entity.

25   This factual dispute has two primary impacts on the duty to defend analysis.  First,

26  this ambiguity must be resolved in Haddenn's favor.  If the certificate of insurance provided

27  to Haddenn Construction identified the insured only as a fictitious name, the insurer will

28  bear the burden of any ambiguity.  Second, all Haddenn entities, Terry Johnson and Maria

Johnson tendered defense to Gemini by tendering "Haddenn Construction's" defense because the Hallams' underlying complaint alleged a unity of interest. (Olinik Decl. Exh. 2, 8, RJN Exh. A at ¶ 34.)  In fact, the Hallams we're so confused by who was doing business as Haddenn Construction that they extensively alleged alter ego.  They claimed that all Haddenn entities along with Terry Johnson and Maria Johnson were acting in one capacity as "Haddenn Construction" – stating "[All Haddenn Entities and the Johnsons] are essentially the extension and creation of each other and there is no true independence or separateness as between any of the Defendants." (RJN, Exh. A, ¶34).

Gemini knew of this allegation when it denied coverage.  Gemini represented Fred Gonzalez Concrete, Inc. in the underlying matter, and settled claims on behalf of that insured in the underlying action.  Gemini also acknowledged in its denial letter in the underlying action that it had a copy of the complaint in the underlying action as of the letter's date, November 6, 2016.  (Olinik Decl., Exh. 4.)  The active complaint at that time was the Hallam's first amended complaint, which was filed May 24, 2007.  (RJN, Exh. D at Exh. C.) Further, Gemini was made aware of the Hallams' allegations against Haddenn in Haddenn's 2008 action against Gemini.  A copy of the Hallam's First Amended Complaint in the underlying action was included with Haddenn's Second Amended Complaint again Gemini. (RJN Exhs. C, D.)  The Hallam's first amended complaint had the same language as the Hallam's second amended complaint.  (Compare RJN, Exh. A¶34 with RJN Exh. D at Exh. C ¶31.)  Gemini answered the Haddenn's Second Amended Complaint, demonstrating that Gemini knew of the Hallam's allegations against Haddenn.  (RJN Exh. C, p. 6 of 14, Entry 94.)  From at least Gemini's denial on November 6, 2008, Gemini was aware that all Haddenn entities and Maria Johnson were potentially covered entities, yet denied coverage to all.

In April 2009, counsel for Haddenn again requested Gemini pick up the defense in the underlying action, explaining that Gemini had the duty to do so whenever there was a possibility of coverage.  (Butler Decl., Exh. 8.)  During the tenders, a substantial factual question remained – who is Haddenn Construction?  That factual question alone established

1   Gemini's duty to defend at the time of tender.  This meant there was a possibility Gemini's

2   additional insured certificate for "Haddenn Construction" (an unknown entity) possibly

3   created coverage for any of the Haddenn entities or Terry or Maria Johnson.

4           Yet, Gemini denied coverage and refused to participate in the litigation on behalf of

5   any Haddenn entity.  (Olinik Decl., Exhs. 3, 4; Butler Decl. Exh. 9.)  Gemini refused to

6   cover Haddenn despite recognizing it probably had a duty to do so.  (Olinik Decl., Exh. 6,

7   7/16/09 entry.[4])  Further, it knew of a dispute over coverage with all Haddenn Entities as of

8   the date of the tenders or at the latest the date Gemini answered the first bad faith case, June

9   10, 2009.  (RJN, Exhs. C, D.)  Maria Johnson and the Haddenn entities were liable for a

10  judgment.  (RJN, Exh. B.)  To extinguish that liability, Haddenn settled the claims with the

11  Hallams.  (Johnson Decl., Exh. 5.)  Gemini declined its opportunity to participate in the

12  underlying litigation.  Because Gemini owed a duty to defend all of the entities identified by

13  the plaintiff as "Haddenn Construction," any monies paid for that duty to defend cannot be

14  recovered back against any of those entities – including each of the Johnson and Haddenn

15  entities named herein. The factual issue of who is Haddenn Construction is no longer

16  material to Gemini; its failure to defend any Haddenn entity extinguished their right to now

17  raise that question.  This Court found a duty to defend under the insurance contract.  (Dkt.

18  No. 81.)  All Gemini's claims for indemnity and contribution fail.

19          Haddenn settled all of its liabilities in the underlying litigation.  Gemini had the

20  opportunity to participate in that litigation, but denied coverage.  Under California law,

21  Gemini cannot now affect the underlying judgment and settlement after the fact by seeking

22  contribution from parties in that initial settlement.  The claims against Haddenn cannot

23  proceed, and this Court must enter summary judgment in favor of Haddenn on all of

24  Gemini's claims.

25  / / /

26  / / /

27

28  _____
    [4] This refusal to defend means Gemini cannot challenge the underlying result. *United Services Auto. Ass'n*, 94 Cal.App.4th at 644.

**D.      Gemini's Fifth Claim For Declaratory Relief Also Fails Because Gemini Paid to Settle Its Contractual Obligations and the Statute of Limitations Has Run.**

1.      <u>Gemini's Settlement with the Hallams Settled All Contractual Disputes.</u>

Gemini is not entitled to declaratory relief because Gemini settled all contractual disputes with the Hallams, and there is no dispute remaining for this Court to decide.  In order to be entitled to declaratory relief, a party must demonstrate (1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party.  *Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal.App.3d 405, 410 (1989).  The California Code of Civil Procedure provides as follows:

> Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.

Cal. Civ. Proc. Code § 1060.  "[D]eclaratory relief operates prospectively to declare future rights, rather than to redress past wrongs."  *Cty. of San Diego v. State Of California*, 164 Cal.App.4th 580, 607 (2008).  "A declaratory judgment serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them."  *Id*. at 607-08 (citing *Babb v. Superior Court*, 3 Cal.3d 841, 848 (1971)).

Of course, insurers owe a duty to defend any action that is possibly covered by their policy.  *Horace Mann Ins. Co.*, 4 Cal.4th at 1081.  That duty only ends if the insurer "produces undeniable evidence supporting an allocation of a specific portion of the defense costs to a noncovered claim."  *Id*. The insurer must act for the insured's benefit

14

and assert all defenses in the main action, not in an action against the insured. *See Garriott Crop Dusting Co. v. Superior Court*, 221 Cal.App.3d 783, 797 (1990).

Gemini certainly tried to retain in its settlement with the Hallams the ability to pursue the Haddenn entities and Maria Johnson. Gemini could not, however, retain rights under the insurance contract when they settled the assigned, contract-based claims with the Hallams.  Gemini had the duty to defend all claims in the underlying action for all the Haddenn entities and the Johnsons, as the underlying complaint alleged they were all acting as one entity. (Dkt. No. 82.)  Here, Gemini settled the assigned contract claims for failure to honor that obligation.  It cannot settle its contract claims while simultaneously retaining rights under the contract.  All contract-based claims are resolved. Therefore, no controversy exists pertaining to the terms of the contract.

The time for Gemini to seek a determination on its coverage rights was in the first coverage action or in a motion for summary judgment in this case.  Gemini instead chose to settle.  Gemini cannot now seek declaratory relief to the detriment of its insured.  The rights under the insurance contract no longer matter. Gemini settled its liability for bad faith.  With that settlement goes any dispute about the insurance contract.  There is no actual controversy left to settle regarding the contract, and Gemini's claims are not justiciable.

2.    Gemini's Claims Fail Because The Statute of Limitations Has Run on Gemini's Contract Claims.

Gemini's request for declaratory relief based upon insurance contracts are also barred by the statute of limitations.  California has a four year statute of limitation on written contracts.  Cal. Civ. Proc. Code § 337.

Haddenn first sought coverage under the Certificate of Liability insurance on July 9, 2007.  (Olinik Decl., Exh. 1.)  Gemini first denied coverage on July 25, 2007.  (Olinik Decl. Exh. 3.)  Four years from July 25, 2007 is July 25, 2011.  Even starting from the time of Gemini's second denial of Haddenn's coverage, November 6, 2008, the statute expired on November 6, 2012.  (Olinik Decl., Exh. 4.)  The Hallams filed their lawsuit on October 9,

15

2012.  (Dkt. No. 1.)  Gemini did not file its Third Party Complaint until May 1, 2014.  (Dkt. No. 51.)  This was well after the statue of limitation regarding the dispute of the Certificate of Liability insurance expired.  Gemini cannot seek declaratory relief now.

3. **Gemini's Claims Fail Because It Failed to Bring a Counterclaim in the Initial Bad Faith Action.**

Gemini's claim for declaratory relief is also barred because Gemini did not file a cross-complaint raising the issue in the first state court bad faith action or a counterclaim against the Hallams in federal court.  California Code of Civil Procedure § 426.30(a) requires a defendant to file a cross-complaint against the plaintiff asserting any related causes of action existing when the defendant serves its answer to avoid waiving those claims.  Cal. Civ. Proc. Code § 426.30(a).  The purpose of a compulsory cross-complaint is similar to that of res judicata, to prevent parties from splitting a cause of action into a series of suits.  *Hulsey v. Koehler*, 218 Cal.App.3d 1150, 1157-58 (1990).

A counterclaim is a claim for affirmative relief asserted by a party (generally the defendant) against an opposing party (i.e., plaintiff).  *See* Fed. R. Civ. P. 13.  A counterclaim is also appropriate for any setoff that reduces the amount of defendant's indebtedness to plaintiff.  *Valley Disposal Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 113 F.3d 357, 364 (2nd Cir. 1997).  A responding party (e.g., defendant) *must* plead as a counterclaim any claim which *at the time of responding* it has against the opposing party (e.g., plaintiff), if that claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, and does not require adding another party over whom the court cannot acquire jurisdiction.  Fed. R. Civ. P. 13(a)(1)(A),(B); *In re Marshall*, 600 F.3d 1037, 1057 (9th Cir. 2010).  This is known as a compulsory counterclaim.  The term "opposing party" has been liberally interpreted to include claims against a *third party* who is the alter ego of the named plaintiff, or who otherwise *controls the litigation* so as to be "functionally equivalent" to a named party.  *See Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384, 390–91 (3d Cir. 2002) (claims against

1   plaintiff's successor who controlled the litigation on plaintiff's behalf should have been

2   asserted as counterclaims and were barred in separate lawsuit).  The court explained:

3   > The Second Circuit also found that a party not named in litigation may still
4   > be an opposing party for Rule 13 purposes in certain cases in which the party
5   > is functionally identical to the actual opposing party named in the litigation.
5   > In *Banco Nacional de Cuba v. First National City Bank of New York*, 478
5   > F.2d 191 (2d Cir.1973), the Second Circuit treated a party not named in the
6   > litigation as an opposing party after concluding that the parties were "one and
6   > the same for the purposes of th[e] litigation." *Id*. at 193 n. 1. The Court held
7   > that because the parties "acted as a single entity" and because one was the
7   > alter ego of the other, both were "opposing parties" within the meaning of
7   > Rule 13.

8

9   *Id*.

10      Haddenn Construction brought a bad faith suit against Gemini in 2008.  (RNJ, Exh.

11  C.)  Gemini answered in that action, but did not file a cross-complaint.  (*Id*.)  The Hallams

12  essentially took over that case, as they gained an assignment from Haddenn and brought this

13  case as assignors.  Gemini failed to file a counterclaim against the Hallams in this case,

14  whose rights were based on the Haddenn's rights by contract.  The Hallams and Haddenn

15  are one and the same for this litigation, as the Hallams simply asserted Haddenn's rights.  By

16  settling the contract rights, but challenging the contract against a third party defendant,

17  Gemini's actions run against the purpose of the compulsory cross-complaint/counterclaim

18  rules in federal and state court.  The action with the Hallams settled the contract issues, as

19  explained above.  The appropriate time to fight the contract issues was against the Hallams,

20  not in a subsequent claim for contribution.  Accordingly, the declaratory relief claim must be

21  dismissed.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /



## IV.   <u>CONCLUSION</u>

For all the reasons stated above, this Court should grant Haddenn's Motion for Summary Judgment as to all of Gemini's claims against Haddenn, and enter judgment in favor of Haddenn against Gemini.

Respectfully submitted,



Dated:  May 18, 2016

/s/ Michael G. Olinik

Michael G. Olinik, Esq.

Attorney for Third Party Defendants.
Maria Johnson and all Haddenn Entities.

**P&A'S IN SUPPORT OF HADDENN'S MOTION FOR SUMMARY JUDGMENT**

12-CV-2442-CAB-BLM